IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NENAD M. KOSTIC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.:_____ |
| | § | |
| TEXAS A&M UNIVERSITY | § | |
| SYSTEM, TEXAS A&M UNIVERSITY | § | |
| AT COMMERCE, DAN R. JONES, | § | |
| LARRY F. LEMANSKI, CHRISTINE | § | |
| EVANS, and BEN W.-L. JANG , | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff Nenad M. Kostic ("Kostic") presents his Complaint and shows the Court the

following:

### PARTIES

1.      Kostic is a U.S. citizen and a resident of Hunt County, Texas.

2.      Defendant Texas A&M University System (the "System") is a university system of

the state of Texas, which may be served by serving Brian K. Bricker, Assistant General Counsel,

Office of General Counsel, The Texas A&M University System, A&M System Bldg., Ste. 2079, 200

Technology Way, College Station, Texas  77845-3424.

3.      Defendant Texas A&M University at Commerce (the "TAMUC") is a university of

the state of Texas, which may be served by serving Brian K. Bricker, Assistant General Counsel,

Office of General Counsel, The Texas A&M University System, A&M System Bldg., Ste. 2079, 200 Technology Way, College Station, Texas 77845-3424.

4.      Dan R. Jones is the President and Chief Executive Officer of TAMUC. He is sued in both his individual and official capacities, and can be served through the System's counsel of record.

5.      Larry F. Lemanski is the Provost and Vice-President for Academic Affairs at TAMUC. He is sued in both his individual and official capacities, and can be served through the System's counsel of record.

6.      Christine Evans is the former Dean of the College of Arts and Sciences at TAMUC and currently a Professor of Agricultural Sciences at TAMUC. She is sued in both her individual and official capacities, and can be served through the System's counsel of record.

7.      Ben W.-L. Jang is the Head of the Chemistry Department and a Professor of Chemistry at TAMUC. He is sued in both his individual and official capacities, and can be served through the System's counsel of record.

### JURISDICTION

8.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1337, and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a). This is a suit authorized and instituted pursuant to 42 U.S.C. § 1983 ("Section 1983"); 42 U.S.C. § 1985 ("Section 1985"); 42 U.S.C. § 2000e, et seq. ("Title VII"); pendent state law claims; and declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

9.      This is a proceeding for declaratory judgment, injunctive relief, damages, compensatory damages, punitive damages, attorneys' fees, and other relief to secure the rights of

Kostic.  It is brought to prevent Defendants from maintaining a policy, practice, custom or usage of retaliating against Kostic; from interfering with Kostic's freedom of speech and freedom of association; from retaliating against Kostic for opposing discriminatory practices;  from interfering with his employment contract; and from making defamatory statements about Kostic.

## CAUSES OF ACTION

### TITLE VII RETALIATION

10.     Kostic has exhausted required administrative procedures by filing an EEOC Charge alleging that Kostic had been retaliated against by the System and TAMUC, his employers, which harassed Kostic's employment in retaliation for his opposition to discriminatory practices.  After filing the EEOC Charge for retaliation, the System and TAMUC increased retaliation against Kostic by continuing harassment, suspension, and a process for a summary dismissal of employment. Retaliation was at least a motivating factor in Kostic's harassment and suspension, and  for seeking termination of Kostic's employment.

11.    The acts, practices, and policies of the System and TAMUC caused damage and will cause damage to Kostic in the form of lost wages and benefits, and other compensatory and punitive damages to which he is entitled under Title VII because of the retaliation.

### SECTION 1983, SECTION 1985, AND VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS

12.     Defendants or participated or conspired in the harassment and suspension, and in seeking the discharge of Kostic's employment with the System and TAMUC.  The circumstances concerning and impending discharge did and will do harm to Kostic's reputation.  Defendants made or conspired to make false charges against Kostic or failed or conspired to cause the System or TAMUC to fail to give Kostic an opportunity to clear his name prior to the discharge and caused the

System or TAMUC to violate its tenure policy and agreement, as well as other policies and rules established for his benefit.

13.     The actions of the Defendants were under color of the authority of the State of Texas. Kostic engaged in speech and assembly activities that were constitutionally protected under the First Amendment of the United States Constitution.  Kostic's exercise of protected First Amendment rights was a substantial or motivating factor in the System and TAMUC's decision to harass, suspend, and discharge him.  The Defendants' acts were the proximate or legal cause of Kostic's damages.

14.     Defendants willfully participated in conspiracy with each other and state officials acting under color of law, for purposes of Section 1983 and Section 1985.

**BREACH OF CONTRACT**

15.     TAMUC breached its employment contract with Kostic when it harassed, suspended, and sought termination of his employment in violation of tenure policy and agreement; and when it refused to provide him the research funding specified in his employment contract.  Kostic suffered damages, including consequential damages and attorney's fees, as a direct result of the breach. Kostic is entitled to reasonable attorneys' fees under Section 38.001 et seq. of the Texas Practice and Remedies Code.

**TORTIOUS INTERFERENCE**

16.     Jang unlawfully interfered with Kostic's employment contract with TAMUC, proximately causing compensatory damages to Kostic.  The actions against Kostic were willful and in disregard of the rights of Kostic, entitling him to punitive damages.

**DEFAMATION**

17.     Lemanski, Evans, and Jang made defamatory statements concerning Kostic which tended to injure Kostic in his occupation and held him up to public criticism, contempt, and ridicule. Lemanski, Evans, and Jang are responsible for their own actions.  The System and TAMUC are responsible for the actions of the indivisuals, who are agents of the System and TAMUC and who are acting within the course and scope of their employment.

18.     To the extent the statments were defamatory per se, Kostic is entitled to nominal damages.  As a direct and proximate result of the statements, Kostic suffered general damages to his reputation and special damages from the imminent loss of employment.  Additionally, Kostic has endured and continues to endure embarrassment, mental anguish, and pain and suffering.

19.      The statements were not only false, they were made in bad faith and with actual malice as malice is defined in defamatory actions: the statements were made with knowledge of their falsity, or with reckless disregard for their truth or falsity.  The defamatory statements, when viewed objectively at the time the words were spoken or written, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Kostic.  The statements were made with actual, subjective awareness of the risk involved, but nevertheless published with conscious indifference to the rights, safety, or welfare of Kostic.  Therefore, Kostic is entitled to an award of exemplary damages.

**DECLARATORY ACTION AND INJUNCTIVE RELIEF**

20.   Kostic is entitled to a declaratory judgment, declaring Defendants' past practices herein complained of to be in violation of Title VII.  Kostic is also entitled to equitable relief in the form of an injunction prohibiting Defendants from engaging in unlawful employment practices; ordering

the reinstatement of Kostic's employment with any lost wages or benefits; and requiring the

continual report on the manner of compliance with the court order. Kostic is also entitled equitable

relief in the form of an injunction prohibiting Defendants from maintaining a policy, practice, custom

or usage of discriminating against Kostic; from interfering with Kostic's freedom of speech and

freedom of association; from retaliating against Kostic for opposing discriminatory practices, from

interfering with his employment contract; and from making defamatory statements.

**ATTORNEYS' FEES**

21.     Kostic was required to retain the services of the undersigned attorneys to prosecute

the cause. Under Title VII, Section 1983, Section 1985, and the Texas Civil Practice and Remedies

Code, Kostic is entitled to a reasonable amount for attorney's fees and expenses for all services

rendered in this cause, including trials and appeals.

<b>JURY REQUEST</b>

22.     Kostic demands that this case be tried before a jury.

WHEREFORE, Kostic requests that upon final trial, Kostic have judgment against TAMUC

for reinstatement if termination actually occurs and against Defendants, jointly and severally, for

potential lost wages and benefits; compensatory and punitive damages; attorneys' and expert fees

and expenses; injunctive and declaratory relief; interest as provided by law; costs of suit; and any

further relief to which Kostic may be entitled.

Respectfully Submitted,

**SANFORDBETHUNE**

By: _____

BRIAN P. SANFORD
Texas Bar No. 17630700

ASHLEY E. TREMAIN
Texas Bar No. 24066209

3610 SHIRE BLVD., STE. 206
RICHARDSON, TX 75204
PH:   (972) 422-9777
FAX: (972) 422-9733

**ATTORNEYS FOR PLAINTIFF
NENAD M. KOSTIC**