**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NENAD M. KOSTIC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-cv-2265-M |
| | § | |
| TEXAS A&M UNIVERSITY AT | § | |
| COMMERCE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING IN PART AND REJECTING IN PART THE FINDINGS AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, and

the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated

February 1, 2013, and the objections, responses to the objections, and reply to the objections, the

Court finds that, except with respect to Plaintiff's retaliation and defamation claims, the

Findings, Conclusions, and Recommendation of the Magistrate Judge are correct and they are

accepted as the Findings, Conclusions, and Recommendation of the Court as to all claims but

retaliation and defamation as to Defendant Jang only.

The Recommendation is rejected as to Plaintiff's claim of retaliation.  The Court

concludes that *Mato v. Baldauf*, 267 F.3d 444 (5th Cir. 2001), cited by the Magistrate Judge,

remains good law in the Fifth Circuit.  But both it and *Staub v. Proctor Hospital*, 131 S.Ct. 1186

(2011), stand for the proposition that an investigation could be tainted by the improper motive of

a subordinate.

Here, Dr. Jones was accused of retaliation. The notice of termination he sent to Plaintiff

referred to a number of prior events Plaintiff claimed to be retaliatory.  Docket Entry #63-4 at

1

52–53.  Although an appeals committee convened and voted 12-3 to reject the appeal, and issued

a report which Chancellor McKinney reviewed, the letter from Chancellor McKinney expressly

states that he relied, at least in part, on President Jones's recommendation that Kostic be

terminated.  *Id.* at 175.  In his deposition, Chancellor McKinney testified that he relied "heavily

on the recommendation of the president" and "[t]hat there would have to be something to make

me overrule a president's recommendation."  Docket Entry #83-14 at 52, lines 8–11.  In other

words, the undisputed evidence is that Chancellor McKinney did not rely exclusively on the

appeals committee, so the issue of whether the committee was independent is irrelevant.

Because the Court concludes that there is a fact question as to whether or not the Plaintiff

was terminated in retaliation for protected conduct, Defendants' Motion for Summary Judgment

on that ground is **DENIED**.

The Court also **DENIES** summary judgment on Plaintiff's defamation claim, now

asserted only against Jang.  "If a party moves for summary judgment based on an affirmative

defense, such as section 101.106 [of the Texas Torts Claims Act], then it has the burden to

establish conclusively each element of the defense as a matter of law."  *Schauer v. Morgan*, 175

S.W.3d 397, 400 (Tex. App.—Hous. [1st Dist.] 2005, no pet.).  Defendants have failed to

adequately develop the evidence of whether Jang was acting within the scope of his employment

when he made the allegedly defamatory remarks.  Therefore, Defendants have not carried their

burden on this affirmative defense, and the Court cannot grant summary judgment on Plaintiff's

defamation claim.

**SO ORDERED**.

March 31, 2013.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

2