IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NENAD M. KOSTIĆ,                          §
                                          §
        Plaintiff,                        §
                                          §
v.                                        §
                                          §   Civil Action No. 3:10-cv-02265-M
TEXAS A&M UNIVERSITY AT                   §
COMMERCE, et al.,                         §
                                          §
        Defendants.                       §

**PLAINTIFF'S OBJECTIONS TO
FINDINGS, CONCLUSIONS, AND RECOMMENDATION**


Respectfully submitted,

**SANFORDBETHUNE**


By:  _/s/ Brian P. Sanford_
    Brian P. Sanford
    Texas Bar No. 17630700
    David B. Norris
    Texas Bar No. 24060934

3610 Shire Blvd., Suite 206
Richardson, Texas 75082
Telephone: (972) 422-9777
Facsimile:  (972) 422-9733

**ATTORNEYS FOR PLAINTIFF
NENAD KOSTIĆ**

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

STANDARD OF REVIEW ................................................................................................... 1

OBJECTIONS TO RECOMMENDATION TO
DISMISS FIRST AMENDMENT RETALIATION CLAIMS ..................................................... 2

   1. Summary judgment is generally inappropriate on the causation
      issue in First Amendment Retaliation claims. ................................................... 2

   2. The Magistrate Judge overlooked evidence that Defendants' proffered
      reasons for firing Kostić were pretextual ........................................................... 3

      A. Kostić did rebut each reason Defendants offered for his termination ......... 4

      B. Kostić presented ample evidence of pretext ................................................ 6

      C. Jang exerted influence on committee that recommended his
         termination to decision makers ................................................................. 17

   3. The Magistrate Judge's weighing of evidence regarding the manner
      in which Plaintiff filed his complaints is improper at summary judgment ...................... 18

   4. The Magistrate Judge overlooked direct evidence of improper motive .......................... 21

   5. Defendants' lack of credibility requires the Court to give their
      testimony no weight ..................................................................................... 22

TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................................. 18

*Beattie v. Madison County Sch. Dist.*,
   254 F.3d 595 (5th Cir. 2001) ...................................................................................... 3

*Brawner v. City of Richardson*,
   855 F.2d 187 (5th Cir. 1988) ...................................................................................... 2

*Click v. Copeland*,
   970 F.2d 106 (5th Cir. 1992) .................................................................................. 2, 3

*Gonzalez v. Dupont Powder Coatings USA, Inc.*,
   --- F. App'x ---, 2013 WL 5977600  (5th Cir. Apr. 22, 2013) ................................. 17

*Haverda v. Hays County*,
   723 F.3d 586 (5th Cir. 2013) ...................................................................................... 3

*Juarez v. Aguilar*,
   666 F.3d 325 (5th Cir. 2011) ...................................................................................... 3

*Moore v. City of Kilgore*,
   877 F.2d 364 (5th Cir. 2011) .................................................................................... 19

*Reeves v. Sanderson Plumbing Prods., Inc.*,
   530 U.S. 133 (2000) .................................................................................................... 2

*Staub v. Proctor Hospital*,
   131 S.Ct. 1186 (2011) .............................................................................................. 17

**Rules**

Federal Rule of Civil Procedure 5(b)(2) .................................................................... 24

Federal Rule of Civil Procedure 72(b)(3) .................................................................... 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NENAD M. KOSTIĆ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:10-cv-02265-M |
| TEXAS A&M UNIVERSITY AT | § | |
| COMMERCE, et al., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S OBJECTIONS TO
### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

TO THE HONORABLE BARBARA M. G. LYNN:

Plaintiff Nenad Kostić objects to part of the findings, conclusions, and recommendation by United States Magistrate Judge Horan on Defendants' second (renewed) motion for summary judgment filed by Defendants Texas A&M University at Commerce ("TAMUC"), Dan R. Jones, Larry F. Lemanski, Christine Evans, Ben W.-L. Jang, and Michael D. McKinney.

Kostić accepts Magistrate Judge Horan's recommendation concerning the motion to strike, Title VII retaliation, defamation, and the Section 1983 claims against Evans and Lemanski. Kostić objects to the recommendation to dismiss the Section 1983 claims against Jang, Jones, and McKinney.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(3) provides that the district judge will determine *de novo* any part of the magistrate judge's disposition that has been properly objected to, accepting, rejecting, or modifying the recommended disposition. In deciding the matter *de novo*,

the district judge may receive further evidence or return the matter to the magistrate judge with instructions.

To deny a person their constitutional right to a trial under a motion for summary judgment, a judge should view all evidence in the record under the following standards: the court must draw all reasonable inferences in favor of the nonmoving party; the court may not make any credibility determinations or weigh the evidence; the court must disregard all evidence favorable to the moving party that the jury is not required to believe; and the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent the evidence comes from disinterested witnesses. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150-51 (2000).

**OBJECTIONS TO RECOMMENDATION TO
DISMISS FIRST AMENDMENT RETALIATION CLAIMS**

Kostić objects to the recommendation by the Magistrate Judge to dismiss the First Amendment retaliation claims under 1983 against Jang, Jones, and McKinney.

**1.    Summary judgment is generally inappropriate on the causation issue in First Amendment retaliation claims.**

"While [Plaintiff] must ultimately prove that his speech was the motivating factor in his discharge, the determination of that issue turns on a genuine dispute of material fact, and is a proper issue for trial, not for resolution by summary judgment." *Brawner v. City of Richardson*, 855 F.2d 187, 193 (5th Cir. 1988).  Whether protected conduct was a substantial factor or a motivating factor in an employer's decision to take an adverse employment action against an employee is a question of fact, "ordinarily rendering summary disposition inappropriate." *Click*

*v. Copeland*, 970 F.2d 106, 113 (5th Cir. 1992).  Evidence of motivation for an adverse

employment action, along with a Plaintiff's evidence that supports a contrary inference, are

considerations for the jury.  *Id.* at 114.  "Summary judgment should be used most sparingly in

. . . First Amendment case[s] . . . involving delicate constitutional rights, complex fact situations,

disputed testimony, and questionable credibilities."  *Beattie v. Madison County Sch. Dist.*, 254

F.3d 595, 600 (5th Cir. 2001) (internal quotation marks omitted).  This case involves precisely

those elements: constitutional rights, complex fact situations, disputed testimony, and

questionable credibilities.

2.    **The Magistrate Judge overlooked evidence that Defendants' proffered reasons for firing Kostić were pretextual.**

In analyzing the five elements of a free speech retaliation claim, the Magistrate Judge

found that Kostić met the first four elements as to Jang, Jones, and McKinney. [Doc. 151, pp. 32-

42].  However, in analyzing the fifth element, that the adverse action was motivated[1] by the

protected speech, the Magistrate Judge found that, although Kostić met his burden to make a

prima facie case against the three individuals, Kostić did not present sufficient evidence to show

that the Defendants' proffered reasons for termination were pretext. [Doc. 151, pp. 50-51].

"The issue is not whether [Plaintiff] *could* have been [treated adversely because of

Defendants' proffered reasons], but whether he *would* have been [treated adversely] if he had not

engaged in protected speech."  *Haverda v. Hays County*, 723 F.3d 586, 597 (5th Cir. 2013)

(emphasis in original).

---

[1] The Magistrate Judge states that the adverse action must be "substantially motivated" by the protected speech. [Doc. 151, pp. 15, 40, 42, 45, 46]. However, the standard in the Fifth Circuit is that the adverse action was "motivated" by the protected speech or that the protected speech was a substantial factor. *See Haverda v. Hays County*, 723 F.3d 586, 591-92 (5th Cir. 2013); *Juarez v. Aguilar*, 666 F.3d 325, 332 (5th Cir. 2011).

*Plaintiff's Objections to Findings, Conclusions, and Recommendation*                    *Page 3*

### A.    Kostić did rebut each reason Defendants offered for his termination.

The Magistrate Judge stated that Kostić attacked some of Defendants' reasons for his termination but not others. [Doc. 151, p. 46].  However, Kostić rebutted in detail each and every reason provided for his termination in his response to Defendants' first motion for summary judgment. [Doc. 81; see Table 1 below].

The Magistrate Judge observed that Defendants "greatly exceed the limited scope of what Judge Lynn allowed them to address"; "address not only immunity, but also ask the Court to reconsider its prior summary judgment rulings"; and "incorporat[e] numerous documents by reference in their renewed motion, response, and reply." [Doc. 151, p. 39].  The Magistrate Judge considered recommending that all portions beyond the scope of the Court's April 3, 2013, Order be stricken; he instead made findings, conclusions, and recommendations on those portions as well. [Doc. 151, p. 39].

In reconsidering the Court's prior summary judgment ruling, and analyzing evidence of pretext, the Magistrate Judge makes only passing reference to Plaintiff's voluminous response to Defendants' first motion for summary judgment showing evidence of pretext. [Doc. 151, p. 49].  In analyzing pretext, the Magistrate Judge does not refer to any citation of evidence presented in Plaintiff's response [Doc. 81] to Defendants' first motion for summary judgment. [Doc. 151, pp. 42-51].  As a result, Plaintiff's response to Defendants' first motion for summary judgment, and its numerous references to evidence in the record, was considered in the Court's prior ruling, but ignored in the Magistrate Judge's reconsideration of that prior ruling.  If the Magistrate Judge

allows Defendants to exceed the limited scope of the Court's Order and reconsiders the Court's prior ruling, then Plaintiff's prior response [Doc. 81] should be included in that reconsideration.

Jones tried to justify Kostić's dismissal by Kostić's purported professional incompetence, moral turpitude, and violation of TAMUC policies, regulations, rules or laws. [Doc. 151, p. 47, referring to Doc. 64-3 at 1206-07].

In response to Defendants' first motion for summary judgment, Kostić identified specific items of evidence supporting the rebuttal of each charge. [Doc. 81, pp. 11-40].   Kostić's detailed rebuttals are listed below:

*Table 1: Rebuttal of Each Dismissal Charge in Summary Judgment Record, a Synopsis*

| Charge[2] No. | Charge Identifier | Date of Purported Misconduct | Rebuttal Arguments Doc. 81 page(s) | Rebuttal Evidence Doc. 81 footnote(s) | Doc. 127 page(s) | Doc. 128 page(s) |
|---|---|---|---|---|---|---|
| 1 | Ramos | 2006 | 11, 12, 13, 30 | 53-61, 408 | | |
| 2 | Kanumuri | 2006 | 12, 13, 41 | 63-68, 330 | | |
| 3 | Albanoon | 2006 | 13, 50 | 77-79 | | |
| 4 | Nixon | 2006 | 13 | 69-76 | | |
| 5 | Purchase | 2006 | 38-39, 41-42 | 304-08, 331-32 | | |
| 6 | Johnson | 2006 | 15 | 92 | | |
| 7 | Clevenger | 2006 | 14, 15, 50 | 80-86, 91, 94 | | |
| 8 | Bertulani | 2007 | 44, 50 | 407 | | |
| 9 | Zhang | 2008 | 18-19, 47 | 125-26, 379 | | |
| 10 | McSwain | 2009 | 28, 29, 50 | 220, 222-30, 409 | | |
| 11 | Dahlem | 2009 | 27, 31-34, 50 | 210-12, 243-56, 262-68, 412 | | |
| 12 | Witness (Starnes/Lee) | 2009 | 37, 41, 46-47 | 289-93, 323-37, 380-81 | 41 | |

[2] Charges are numbered in the order identified in Jones's letter. [Doc. 64-3, pp. 1206-07].

| Charge[2] No. | Charge Identifier | Date of Purported Misconduct | Rebuttal Arguments Doc. 81 page(s) | Rebuttal Evidence Doc. 81 footnote(s) | Doc. 127 page(s) | Doc. 128 page(s) |
|---|---|---|---|---|---|---|
| 13 | Smithson | 2009 | 30, 37-38, 41, 46, 50 | 238, 294-98, 328-89, 408-09 | | |
| 14 | Petition | 2010 | 36-37, 39-40, 50 | 309-17, 410 | 18-19, 23-29, 41 | 62, 79, 84-102, 119 |

### B.   Kostić presented ample evidence of pretext.

The Magistrate Judge did not deny that Kostić presented evidence of pretext.  Rather, the Magistrate Judge could not find where Plaintiff pointed out sufficient evidence of pretext in the voluminous briefing and evidence. [Doc. 151, p. 49].  Plaintiff identified sufficient evidence of pretext, as summarized in Table 2 below.  Defendants formally admitted many of the facts of pretext in their Answer. [Doc. 46].

*Table 2: Evidence in Summary Judgment Record that Dismissal Charges were Pretextual, a Synopsis*

| Evidence of Pretext | Charge No. | Undisputed | Defs Admitted in Doc. 46 para. # | Doc. 81 page(s) | Doc. 102 page(s) | Doc. 104 page(s) |
|---|---|---|---|---|---|---|
| Kostić's purported victims did not complain about Kostić. | 1, 3, 4, 6, 8, 9, 12, 13 | Yes | 222, 240 | 13-15 | | |
| It was Kostić's detractors who accused Kostić of mistreating his purported victims. | 1, 3, 4, 6, 8, 9, 12, 13 | Yes | 240 | 13-15, 37, 41 | | |

| Evidence of Pretext | Charge No. | Undisputed | Defs Admitted in Doc. 46 para. # | Doc. 81 page(s) | Doc. 102 page(s) | Doc. 104 page(s) |
|---|---|---|---|---|---|---|
| The detractor was Jang. Jones used allegations from Jang's memorandum of April 11, 2007, in the dismissal notice of June 17, 2010. | 1, 2, 3, 4, 6, 8 | Yes | 140 | 15-16 | | |
| The detractor was Smithson, who accused Kostić of harassing unnamed women and refused to name them. | 13 | Yes | 240 | | | |
| The detractor was Starnes. He accused Kostić of sexually harassing Lee with one sentence in a group conversation. | 12 | Yes | 240 | 37, 41, 46 | | |
| Starnes had a sexual relationship with an undergraduate whom he taught, graded, recommended, and paid with TAMUC funds. | 12 | Yes | 241 | 37 | | |
| TAMUC knowingly tolerated Starnes's extramarital affair with his undergraduate student. | 12 | Yes | | 37 | | |

| Evidence of Pretext | Charge No. | Undisputed | Defs Admitted in Doc. 46 para. # | Doc. 81 page(s) | Doc. 102 page(s) | Doc. 104 page(s) |
|---|---|---|---|---|---|---|
| Kostić's purported victims denied the charge, defended Kostić to TAMUC administration, and complained of being used. | 8, 12, 13 | Yes | 105, 213, 240 | 37, 41, 50 | | |
| Peer and Vieira solicited negative allegations about Kostić, and no one else, from employees and students. | 1, 5, 11, 13, 14 | Yes | | 26, 37, 39-40, 46, 50 | 8, 12 | 5 |
| Jones knew the charge had been solicited, or fabricated, or denied by Kostić's purported victims. | 12, 14 | Yes | | 39-40, 47, 50 | | 4, 7 |
| HR Director investigated and either cleared Kostić or found the dismissal charge "unsubstantiated." | 2, 10 | Yes | 78 | 28-29 | | |
| Kopachena committee investigated and cleared Kostić of the dismissal charge concerning Dahlem. | 11 | Yes | 231 | 34 | | |

| Evidence of Pretext | Charge No. | Undisputed | Defs Admitted in Doc. 46 para. # | Doc. 81 page(s) | Doc. 102 page(s) | Doc. 104 page(s) |
|---|---|---|---|---|---|---|
| Lemanski and Evans wrote to Kostić that "…there appears to be no merit to the charge that you did not pay Dahlem for hours worked." | 11 | Yes | 232 | 34 | | |
| Jones used, for dismissal, charges of which Kostić had officially been cleared. | 10, 11 | Yes | | 29 | 12 | |
| Defendants withheld exculpating evidence from Kostić and the investigative committees. | 11, 12, 14 | | | 40-41 | 8, 12, 15 | 9 |
| The charge is meaningless because Jones alleges appearance or subjective perception, not fact. | 10, 11, 12 | | | 41, 47 | | |
| Defendants used exculpatory evidence as inculpatory. | 5 | | | 38 | | |
| Dismissal charge has no basis in fact. It is outright false. | 1,5,6, 8, 10-14 | | | 37 | | |
| Dismissal charge is unworthy of credence. | 1-14 | | | | | |

| Evidence of Pretext | Charge No. | Undisputed | Defs Admitted in Doc. 46 para. # | Doc. 81 page(s) | Doc. 102 page(s) | Doc. 104 page(s) |
|---|---|---|---|---|---|---|
| Most charges in 2010 concern Kostić's first six months at TAMUC, in 2006, when he was the new department head. | 1-8 | Yes | | 9-15, 38-39 | | |
| TAMUC gave Kostić an honorific plaque for his service as department head. | 1-8 | Yes | | 9 | | |
| Defendants did not mention the issue to Kostić, much less confront Kostić, at the time. | 1, 3-9 | Yes | | | | |
| Charge is not supported by contemporaneous records. | 3-9 | Yes | | | | |
| The issue went unmentioned in Kostić's performance evaluations before dismissal notice. | 1-14 | Yes | | | | |
| Defendants deviated from established TAMUC practices in handling accusations against Kostić. | 1, 11, 13 | | | 12, 30, 35, 37-38, 50 | | |
| Former employees and former students are not covered by TAMUC and System policies and procedures. | 1-4, 6-7, 10-11 | | 93, 222 | | | |

| Evidence of Pretext | Charge No. | Undisputed | Defs Admitted in Doc. 46 para. # | Doc. 81 page(s) | Doc. 102 page(s) | Doc. 104 page(s) |
|---|---|---|---|---|---|---|
| In most of the dismissal charges, detractors accused Kostić of mistreating employees retired since and students departed since. | 1-4, 6-7, 10-11 | Yes | 222, 240 | | | |
| Defendants failed to conciliate with Kostić, as System policy requires. | 1-14 | Yes | | 49 | | |
| Defendants failed to put Kostić on an improvement plan, as System policy requires. | 1-14 | Yes | 209 | 50 | 15 | |
| Jang and Jones accused Kostić of delaying Ramos's drop of Kostić's course. A student must get teacher's approval to drop a course. | 1 | | 214 | | | |
| TAMUC threatened to scrutinize, and did scrutinize, Kostić's acts going back to his beginning at TAMUC. | 1-14 | Yes | 237 | 34 | 12 | |
| Defendants influenced the Fullwood and Myers committees, which unfairly investigated the charges. | 1-14 | | | 40-41, 45-47, 51 | 13-15 | 8 |

| Evidence of Pretext | Charge No. | Undisputed | Defs Admitted in Doc. 46 para. # | Doc. 81 page(s) | Doc. 102 page(s) | Doc. 104 page(s) |
|---|---|---|---|---|---|---|
| The Fullwood committee and TAMUC's lawyer assured Kostić and his lawyer that Kostić's dismissal was not under consideration. | 2, 5, 12, 13 | | 242 | | | |
| Lemanski's subordinate Vieira, not the Fullwood committee, wrote the committee's report. | 2, 5, 12, 13 | | | 40 | 14 | |
| The Fullwood committee's purported report unanimously recommended that Kostić be dismissed. | 2, 5, 12, 13 | | 242 | | | |
| Jones drew dismissal charges from the Fullwood committee's purported report. | 2, 5, 12, 13 | Yes | 243 | | | |
| TAMUC processed documents for Kostić's dismissal in late July 2010, more than three months before the Myers committee's hearing. | | | 250 | | | |
| Lemanski's subordinate McBroom wrote letters for Fullwood and Myers to the committees and Kostić. | | Yes | | | | |

| Evidence of Pretext | Charge No. | Undisputed | Defs Admitted in Doc. 46 para. # | Doc. 81 page(s) | Doc. 102 page(s) | Doc. 104 page(s) |
|---|---|---|---|---|---|---|
| McBroom and Bricker attended Myers committee meetings and communicated with committee members ex parte. | | Yes | | 45 | 12, 13 | |
| Myers forbade, and TAMUC police disrupted, Kostić's contacts with his witnesses willing to testify in the appeal hearing. | | | | 46 | | |
| Myers committee members submitted to Vieira, not Myers, their input into the committee report for Jones. | | Yes | | 51 | | |
| Defendants withheld from Kostić documents relating to the charges. | | Yes | | 45 | | |
| Defendants fed the Fullwood and Myers committees information that Kostić had no opportunity to rebut. | | | 104 | 51 | 14-15 | 9 |
| The Myers committee's report relied on the statements of persons, and hearsay about the persons, who did not attend the hearing. | | Yes | 253 | | | |

| Evidence of Pretext | Charge No. | Undisputed | Defs Admitted in Doc. 46 para. # | Doc. 81 page(s) | Doc. 102 page(s) | Doc. 104 page(s) |
|---|---|---|---|---|---|---|
| Defendants tolerated misconduct by Kostić's detractors Jang, Starnes, Clevenger, Dahlem, and Vonausdall. | 1-8, 11, 12, 14 | | 242 | 22-24, 31-32 | | |
| Peer advised Lemanski to fire Kostić for cause because of Kostić's complaints about Jang's misconduct and about retaliation. | | Yes | 83 | 31 | | |
| Kostić supplied several pieces of direct evidence for defendants' improper motives. | | | | 30-31, 44 | 10 | 3, 5, 6 |
| After Kostić spoke out after the fire, defendants placed Kostić under surveillance. | 14 | | | 43 | 12 | |
| After the appeal hearing, the Myers committee met in Lemanski's office and shredded appeal documents. | 1-14 | Yes | | 51-52 | 12, 15 | 8, 9 |

Any one or combination of these would be enough to show pretext. Considered in the aggregate, the evidence becomes overwhelming.

The charges that Jones did use (Table 2) show that he was improperly motivated.  The charges that Jones refrained from using connect Jones's motive to Kostić's protected speech. See Table 3.

**Table 3: Evidence in Summary Judgment Record that Jang and Jones Colluded in Matters Concerning Kostić**

| Evidence | Undisputed | Defs Admitted in Doc. 46 Para. # | Doc. 81 page(s) | Doc. 82 page(s) | Doc. 102 page(s) | Doc. 104 page(s) | Doc. 127 page(s) |
|---|---|---|---|---|---|---|---|
| Jones and Jang "cooperate[d] to catch the bigger fish." | Yes | | 22-24 | 20 | | | 19, 44 |
| Jones rewarded Jang with a paid sabbatical, which Jang used in part for vacationing in Taiwan at public expense. | | | 36-44 | | | | |
| Kostić's sole bad performance evaluation before the dismissal notice was issued by Jang. Jones omitted the sole bad evaluation from dismissal charges. | Yes | 119, 218 | | | | | |
| Jang reprimanded Kostić and threatened him with dismissal. Jones omitted the reprimand from dismissal charges. | Yes | 119, 218 | 18-19 | 12 | 12 | | |

| Evidence | Undisputed | Defs Admitted in Doc. 46 Para. # | Doc. 81 page(s) | Doc. 82 page(s) | Doc. 102 page(s) | Doc. 104 page(s) | Doc. 127 page(s) |
|---|---|---|---|---|---|---|---|
| Crenshaw and Jones reprimanded Kostić for his purported insubordination to Jang. Jones omitted the reprimand from dismissal charges. | Yes | 119, 218 | 21-22 | 12, 20 | 12 | | |
| All the demerits that Jones omitted from the charges center on Jang. The charges are silent about Jang and Kostić's complaints concerning Jang. | Yes | 121, 219 | | | | | |

Jones used contrived accusations of misconduct from 2006 with which Kostić had not been confronted at the time. Jones withheld from Kostić's dismissal charges three recent, serious but unwarranted demerits with which Kostić had been confronted, and which a reasonable supervisor would have used in good faith in dismissing a truly misbehaving employee.  All three demerits center on Jang. [Doc. 46, para. 121, 219]. By omitting the recent charges, Jones covers up Jang's connection with the termination.

C.    **Jang exerted influence on committee that recommended
      Kostić's termination to decision makers.**

Magistrate Judge Horan found no evidence that Jang had leverage over or influence on

the decision makers. [Doc. 151, p. 53].  Jang libeled Kostić and retaliated against Kostić for

exposing, and helping Shi expose, Jang's religious misconduct. [Doc. 81, pp. 15, 18-21].

Kostić's evidence is twofold:

   (1)    It is undisputed that Jones took seven of his dismissal charges of June 17, 2010,
        from Jang's memorandum of April 11, 2007.  [Doc. 83-11, p.122; doc. 128-3,
        p.213].  Jang testified that he had taken the lead in preparing the memorandum.
        [Doc. 83-11, p.122; doc. 128-3, p.213].

   (2)    Jones charged the Myers committee with making a recommendation regarding
        Kostić's dismissal.  On November 9, 2010, Jang testified as a witness against
        Kostić before the Myers committee. [Doc. 63-4, p.168].  Jang did influence the
        committee and on November 23, 2010, the committee recommended Kostić's
        dismissal to Jones.  [Doc. 63-4 at 167-73]. Relying on the Myers committee's
        report, on November 30, 2010, Jones recommended the same to McKinney.
        [Doc. 81, p. 52]. On December 8, 2010, McKinney dismissed Kostić.  [Doc. 81, p.
        52].

"[A]n investigation could be tainted by the improper motive of a subordinate." [Doc. 105

p. 1] (J. Lynn *citing Staub v. Proctor Hospital*, 131 S.Ct. 1186 (2011)). Both Jang and Jones had

improper motives in the dismissal of Kostić.

The opinion in *Gonzalez* can be distinguished.  *Gonzalez v. Dupont Powder Coatings

USA, Inc.*, --- F. App'x ---, 2013 WL 5977600 (5th Cir. Apr. 22, 2013).  In *Gonzalez*, the

committee relied on a written report by the allegedly retaliatory supervisor. *Id.* at *1.  The

opinion mentions no communication between the supervisor and the committee, and finds no

evidence of influence by the supervisor on the committee. *Id.* at *2.  Jang, however,

communicated directly with the Myers committee when he testified against Kostić.  Accordingly, unlike *Gonzalez*, Kostić did show Jang's direct influence on the committee.

      **3.**     **The Magistrate Judge's weighing of evidence regarding the manner in which Plaintiff filed his complaints is improper at summary judgment.**

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The Magistrate Judge found that Kostić's statements were expressed in a disrespectful, rude, demeaning, or insulting manner involved the weighing of evidence and is improper and unnecessary. [See doc. 151, p. 25].  Those words are contained in Defendants' brief, but not in the record. [Doc. 61, pp. 10, 18, 20, 44].  The Court should not generalize at the summary judgment stage about the manner in which the statements were made, and should refrain from assessing a witness's demeanor from the written word.

Defendants never testified that Kostić was disruptive; they said that his complaints about Jang's misconduct is an "extreme disservice to the chemistry department and its students." [Doc. 81, p.  44; doc. 102, p. 10; doc. 104, pp. 3, 6]. Defendants' motion twists disservice into disruptive.  However, Defendants do not produce any evidence that anyone ever accused him of exercising his protected speech in a manner that was rude, disruptive, demeaning, or disrespectful.

"Creating room for free speech in a hierarchical organization necessarily involves inconveniencing the employer to some degree."  *Moore v. City of Kilgore*, 877 F.2d 364, 375 (5th Cir. 1989).  Kostić presented evidence that the chemistry department had long been fractious and that his behavior was just the opposite of that accused by Defendants.  Defendants and Kostić's detractors acknowledged that they did not have any personal problems with him.  Kostić made these arguments in his responses to motions for summary judgment:

> Jang acknowledged that before Kostić, the department had five heads in 10 years, four of them outsiders. Nixon acknowledged that discord in the chemistry department long predated Kostić. [Doc. 81, p. 15].  Kostić stepped down as department head but remained collegial to Jang and other detractors. When accused, Kostić avoided conflict and offered conciliation.  [Doc. 81, pp. 16-17, 19].

> When Peer became acting provost around January 2, 2009, there were no complaints about Kostić in the provost's office. Until then, Kostić was no more an issue than the average professor was. [Doc. 81, p. 26].  Accusations arose within days of Kostić's filing his first complaints, by himself and with Shi, on January 9, 2009. [Doc. 81, Sections 8 and 12-17].

> The Crenshaw committee, which validated Kostić and Shi's proselytization charges against Jang, decried the turnover. [Doc. 81, p. 9]. The committee also found . . . a history of contention in the chemistry department that predates Kostić. [Doc. 81, p. 22].

Even when Jang retaliated, Kostić complied, accepting bad work assignments and removal from research laboratory. [Doc. 81, p. 20].  In August, 2009, partly because of Jang's suspension, Evans assigned to Kostić onerous teaching duties normally given to adjuncts and interim appointees. Evans, a defendant, testified that Kostić "very graciously" complied with her assignment for the entire semester. [Doc. 81, p. 31].

Kopachena committee found that both Kostić and his accuser Dahlem characterized their private relationship as good despite their disagreements. [Doc. 81, p. 33].  Kostić remained friendly and supportive while Dahlem was in the hospital, recovering from an apparent drug overdose. [Doc. 81, p.50]. Defendants admitted that "Kostić lawfully obtained Lemanski's service records, temperately reported the discrepancies to McKinney, invoked public interest, and asked for an investigation." Lemanski agreed with this characterization of Kostić's conduct. [Doc. 81, p.47].

Kostić tried to avoid conflict and conciliate with his critics. When appeasement failed, Kostić called for corrections and improvements.  When his detractors launched fabrications at him, Kostić defended himself. Defendants made no conciliatory moves, much less "bona fide efforts" mandated by the System policies 12.01 and 32.02.2.1 and TAMUC procedure 12.01.99.R0.01. Kostić refrained from retaliation, benevolently treated his accusers after he knew of their attacks, and refrained from criticizing nonattackers. [Doc. 81, p.49].

Jang is the only faculty member with a personal complaint about Kostić.

Defendants cannot produce personal complaints by other faculty members. . . .

Even Starnes under oath denied any problems with Kostić. [Doc. 81, p.50].

Defendants perceive Kostić's complaints about retaliation as contention,

disrespect, and a disservice. [Doc. 82, p.30].

### 4.    The Magistrate Judge overlooked direct evidence of improper motive.

Kostić repeatedly identified direct evidence for retaliation in the pleadings and record.

[*See* doc. 81 at pp. 30-31, 44; doc. 102 at 10; doc. 104 at 3, 5-6.]  The following is an excerpt

from Kostić's first objection [Doc. 102]:

Kostić presented evidence that in March 2009, his supervisor, Jang, sent

TAMUC police to harass Kostić and Shi while they were responding to a request

by the Crenshaw committee investigating Kostić and Shi's complaints against

Jang.  The following day, Jang and Dean Crenshaw threatened Kostić against

cooperating with Shi.  Crenshaw included TAMUC officials and police in his

threat.

In May or June, 2009, outgoing Provost Peer wrote to his successor,

Lemanski, about Kostić since January 2009.  Peer identified as problems: Kostić's

assistance to Shi, Kostić's complaints about "retaliation and continuing

intimidation," and Kostić's request that Jones and Peer respond to Kostić's

complaints.  Without having met Kostić or investigated the alleged misconduct,

Peer advised that Kostić "will need to be encouraged or forced to seek

employment elsewhere."  In June 2010, within several days of Jones's termination

notice, Dean Evans wrote that Kostić's complaints about Jang's misconduct had

been an "extreme disservice to the Chemistry Department and their students."

Each of these threats and statements is direct evidence of retaliation.

[Doc. 102, p. 10] (internal cites omitted).

Jones issued a termination notice on June 17, 2010, and did not mention Jang.  [Doc. 83-

3, pp. 44-45].  Evans spoke on June 24, 2010, and revealed Defendants' true motives, which

were connected with Jang.  [Doc. 81, p. 44]. On June 25, 2010, Lemanski removed her as dean.

[Doc. 81, p. 44].

### 5.   Defendants' lack of credibility requires the Court to give their testimony no weight.

Defendants have credibility issues, as illustrated by the contradictions apparent in the

following statements:

- Jones testified in deposition that Kostić's allegations of retaliation and unfairness had to be investigated. [Doc. 81, p.49; Doc. 82, p. 20].

- Jones ignored Kostić's repeated, written demands that Kostić's complaints of unlawful acts including retaliation be investigated. [Doc. 81, pp. 24-28; Doc. 82, pp. 14, 17, 23; Doc. 102, p.11; Doc. 127, p. 21].

- Jones wrote to Kostić, with a copy to Peer, that Kostić's complaints "are being taken seriously and are being investigated." [Doc. 81, p. 27; Doc. 82, pp. 13-14; Doc. 102, p. 12; Doc. 127, pp. 21, 42]. Defendants admitted this in their Answer. [Doc. 46, ¶157].

- Peer wrote to Kostić, with a copy to Jones, implying that an investigation was forthcoming. [Doc. 81, p. 27; Doc. 82, p. 14].

- Jones testified in deposition that he had failed to investigate Kostić's complaints of unlawful acts, including retaliation. [Doc. 81, pp. 24-28; Doc. 82, p.20; Doc. 102, pp. 11, 12].

- Lemanski said in an affidavit that Kostić's complaints of unlawful acts including

retaliation "fell between the cracks." [Doc. 104, p. 6].

- Jones and TAMUC assured EEOC that "Dr. Kostić's allegations regarding retaliation were thoroughly investigated and were found to be without merit. [Doc. 104, p. 6].

- Jones and TAMUC assured EEOC that "A&M Commerce, with the assistance of the A&M System, thoroughly investigated Dr. Kostić's allegations." [Doc. 104, p. 6].

- Jones and TAMUC falsely answered paragraphs nos. 13 and 17 of Kostić's interrogatories no.7. [Doc. 127, pp. 25-27].

- Jones and TAMUC falsely answered Kostić's interrogatory no. 9. [Doc. 127, pp. 22-23].

Accordingly, the Court should discount Defendants' testimony and give it no weight.

WHEREFORE, Kostić requests that the Court sustain his objections to the findings,

conclusions, and recommendation of the Magistrate Judge and proceed to trial.

Respectfully submitted,

**SANFORDBETHUNE**

By: */s/   Brian P. Sanford*
            Brian P. Sanford
            Texas Bar No. 17630700
            David B. Norris
            Texas Bar No. 24060934

3610 Shire Blvd., Suite 206
Richardson, Texas 75082
Telephone: (972) 422-9777
Facsimile:  (972) 422-9733

**ATTORNEYS FOR PLAINTIFF
NENAD KOSTIĆ**

## CERTIFICATE OF SERVICE

On February 7, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Brian P. Sanford*