IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NENAD M. KOSTIĆ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:10-cv-02265-M |
| TEXAS A&M UNIVERSITY AT | § | |
| COMMERCE, ET AL., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S TRIAL BRIEF
## REGARDING DEFENSES TO DEFAMATION CLAIM

TO THE HONORABLE JUDGE BARBARA M. G. LYNN:

Plaintiff Nenad Kostić submits his trial brief concerning Defendant Ben Jang's defense

to the defamation claim argued as a motion for directed verdict.

**Affirmative defenses have been waived.**

Jang asserts that he proved his affirmative defenses under section 101.106 of the Texas

Torts Claims Act and the qualified privilege for plaintiffs who are public figures. Jang waived

his affirmative defenses by omitting them from his Second Amended Answer. (doc. 46).  Kostić

preserved the argument in the Pretrial Order, Section D(1)(e), listing as a contested issue of law

whether Jang is entitled to any affirmative defenses that are missing from his live pleading. (doc.

223).

**Texas Civil Practice & Remedies Code Section 101.106(f) does not protect Jang.**

Jang argues that he is protected by Section 101.106(f), TEX. CIV. PRAC. & REM. CODE,

because he allegedly was acting within the general scope of the employment. However, to

establish that Jang is immune under this statute, he must show that Kostić otherwise had an

avenue under the Texas Tort Claims Act against the employer. *See Williams v. Nealon*, 394 S.W.3d 9, 13 (Tex.App.–Houston [1st Dist.] 2012, pet. denied) (*citing Franka v. Velasquez*, 332 S.W.3d 367, 380-81 (Tex. 2011)). Section101.106 is an election of remedies statute with jurisdictional consequences, but it is not a stand-alone jurisdictional statute.  Jang cannot show that Kostić chose wrong. TAMUC will not accept responsibility for defamation, and Kostić  does not believe that Jang presented any evidence that Jang had acted within the scope of his authority. For an election of remedies to apply, Kostić must have the opportunity to choose. If Kostić was unable to sue either Jang or TAMUC, then the statute is inapplicable. Regardless, a fact issue exists as to whether Jang was acting within the scope of his authority. *Cf. Tex. Dept. of Pub. Safety v. Martin*, 882 S.W.2d 476, 484 (Tex.App.—Beaumont 1994, no writ).

A trial court is not permitted to dismiss a government employee from a lawsuit under the statute if a fact issue exists whether government immunity is waived; when a fact issue exists, the employee has failed to establish that the suit could have been brought against the government. *Franka v. Velasquez*, 332 S.W. 367, 371 (Tex. 2011).  Jang failed to establish that Kostić could have brought his defamation claim against TAMUC; accordingly, Kostić's claim cannot be dismissed. The Court previously addressed this issue in its Order Accepting in Part and Rejecting in Part the Findings and Recommendation of the United States Magistrate Judge. (doc. 105).

**Kostić is not a limited purpose public figure.**

To determine whether an individual is a limited-purpose public figure, the Fifth Circuit has adopted a three-part test:

1) the controversy at issue must be public both in the sense that people are discussing it and people other than the immediate participants in the controversy are likely to feel the impact of its resolution;

2) the plaintiff must have more than a trivial or tangential role in the controversy; and

3) the alleged defamation must be germane to the plaintiff's participation in the controversy.

*WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (citing *Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 433 (5th Cir. 1987) and *Waldbaum v. Fairchild Publ, Inc.*, 627 F.2d 1287, 1296-98 (D.C. Cir. 1980)).  Jang has not met his burden on this issue.

Jang failed to meet his burden under this test because Kostić did not voluntarily insert himself into Jang's issue. Rather, Jang drew Kostić into the controversy. *See WFAA-TV, Inc*. at 571-72. Jang failed to show that Kostić sought publicity surrounding the controversy, had access to the media, and had voluntarily engaged in activities that necessarily involved the risk of increased exposure and injury to reputation. *See id.* at 573.  Also, the retaliation claim is separate from the defamation claim, and cannot be used as the basis for a public discourse concerning Kostić's defamation claim. At a minimum, a fact issue exists concerning the matter.

WHEREFORE, Kostić requests the Court to deny Jang's motion to dismiss the defamation claim and grant a directed verdict.

Respectfully submitted,


   */s/   Brian P. Sanford*
      Brian P. Sanford
      Texas Bar No. 17630700
      David B. Norris
      Texas Bar No. 24060934

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, Texas  75201
Telephone: (214) 717-6653
Facsimile:  (214) 919-0113
bsanford@sanfordfirm.com
dnorris@sanfordfirm.com

**ATTORNEYS FOR PLAINTIFF
NENAD KOSTIĆ**

## CERTIFICATE OF SERVICE

On December 16, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


   */s/ Brian P. Sanford*