IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NENAD M. KOSTIC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-02265-M |
| | § | |
| TEXAS A&M UNIVERSITY | § | |
| AT COMMERCE, *et al.*, | § | |
|     Defendants. | § | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF PRE-VERDICT
JUDGMENT AS A MATTER OF LAW ON DEFAMATION**

TO THE HONORABLE BARBARA M. G. LYNN:

**I.     The Court Lacks Jurisdiction Over the Plaintiff's Defamation Claim.**

Kostić's own evidence conclusively establishes that Jang was within the scope of his authority as a member of the Chemistry department faculty when he drafted the April 11, 2007 grievance memo and would have been acting in the same capacity if it had been shown that he either co-authored or helped disseminate the April 2010 student petitions.

The grievance memo is submitted on behalf of the faculty and staff of the Chemistry department to the university's Director of Human Resources. Exh. D-39 at 1515. Its declared purpose is to seek immediate action "to minimize further damage to the university and the science departments." *Id*. All of the discussion that follows concerns Kostić's conduct as head of the Chemistry department. It concludes with the request that Kostić be removed as department head and that consideration be given to "fir[ing] him from the University." *Id*. at 1518-19. Similarly, the student petitions are entirely devoted to issues relevant to the operation of the university's science departments. Exh. D-102 at 1815, Exh. D-112 at1824; Exh. D-103 at 1477.

1

There is no capacity in which these "publications" could have been composed by Jang other than that of a member of the Chemistry department faculty.  Kostić's argument that Jang had no authority to defame him is to no avail.  Texas courts have consistently and decisively rejected this kind of argument.  The allegation that the specific act that forms the basis of the suit was tortious does not place the defendant outside the scope of his official authority.  *Welch v. Milton*, 185 S.W.3d 586, 598 (Tex. App.—Dallas 2006, pet. denied); *see also Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.) (rejecting the contention that defendants "acted outside the scope of their employment because they had no authority to commit theft" and holding that "an employee's scope of authority extends to job duties to which the official has been assigned, even if the official errs in completing the task").  Nor does it matter if the writings do not fall within a specific item of Jang's job description.  *Franka v. Velasquez*, 332 S.W.3d 367, 393 (Tex. 2011) (conduct need only fall "within the general scope of that employee's employment").

Because the statements at issue were made by Jang only as a member of the TAMUC faculty, the Court has no jurisdiction over Kostić's defamation claim.  *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011); *Nealon v. Williams*, 332 S.W.3d 364, 365 (Tex. 2011).

**II.     As A Matter Of Law, Even Construing The Evidence In The Plaintiff's Favor, The April 11, 2007 Grievance Memo Was Not Defamatory.**

In his live pleadings, Kostić identifies the statements in the April 11, 2007 grievance memo that he claims are false.  ECF doc. 40 ¶ 291(d).  For purposes of his Title VII retaliation claim, he disputes the truth of the memo's specific factual recitations in the bullet points concerning Kostić's mistreatment of Chem 531 students, Josmalen Ramos, Sunitha Kanumuri, George Nixon, Seraj Albanoon, Martha Clevenger, Carlos Bertulani, Ben Jang, Chess Johnson,

2

and others.  Exh. D-39 at 1517-18.  But he expressly excludes from his defamation claim any allegations in the memo that later were among the grounds for his termination.  Doc. 40 ¶ 291(h).

It is important to note at the outset that from each paragraph-length bullet point, Kostić extracts a single sentence or clause as the defamatory statement.  However, "the meaning of a publication, and thus whether it is false and defamatory, depends on a reasonable person's perception of the entirety of a publication and not merely on individual statements." *Neely v. Wilson*, 418 S.W.3d 52, 63 (Tex. 2013); *accord Stockstill v. Shell Oil Co.*, 3 F.3d 868, 871 (5th Cir. 1993) (defamatory "intent and meaning must be gathered not only from the words singled out as libelous, but from the context as well") (ellipse omitted).

### A. The Statements at Issue Consist of Opinions, Perceptions, and Summary Conclusions.

Instead of the specific verifiable factual allegations in the memo's bullet points, Kostić's defamation claim targets only broad conclusions drawn by the signers from the facts discussed.  After the assertion that Kostić's "hiring has done enormous damage to the university's reputation," the list continues with the overarching conclusion that Kostić had "horrendously humiliated, intimidated and harassed students, faculty, and staff in the department," which precedes and introduces the examples set out in the bullet points, and concludes with the assessment at the end of the examples, that he "repeatedly humiliates, intimidates and harasses students, faculty and staff."  *Id*. ¶ 291(h) (quoting from Exh. D-39 at 1517-18).  In between are pronouncements such as, for example, that "Kostić is extremely condescending and demeaning,"  that "Kostić does not care for the feelings [of] or respect anyone," and that "he is using his privileges as the Department Head to manipulate and control people."

3

Whether the facts alleged, if believed, can support these various conclusions is a matter of opinion. What is demeaning to one person may be merely annoying to another – such declarations are not susceptible to objective verification. However:

> "An essential element of defamation is that the alleged defamatory statement be a statement of fact rather than opinion. Expressions of opinion may be derogatory and disparaging; nevertheless they are protected by the First Amendment of the United States Constitution and by article I, section 8 of the Texas Constitution. The question of whether a statement is an assertion of fact or opinion is a question of law." Whether statements are fact or opinion depends on "'their verifiability and the context in which they were made.'" The analysis depends on a "reasonable person's perception of the entirety of the publication and not merely on individual statements."

*Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, 553 F. Supp. 2d 680, 687 (N.D. Tex. 2008) (citations omitted) (quoting Texas cases). *Accord Young v. Krantz*, 434 S.W.3d 335, 343 (Tex. App.—Dallas 2014, no pet.) ("Only statements alleging facts, rather than opinions, can properly be the subject of a defamation action."); *Avila v. Larrea*, 394 S.W.3d 646, 657-58 (Tex. App.—Dallas 2012, pet. denied) ("To be actionable, a statement must assert an objectively verifiable fact.").

Whether a statement is of fact or of opinion is a question of law for the Court to decide. *Young*, 434 S.W.3d at 343; *Avila*, 394 S.W.3d at 658. "Whether statements are fact or opinion depends on their verifiability and the context in which they were made." *Super Future Equities*, 553 F. Supp. 2d at 687 (internal quotation marks omitted) (citing *Bentley v. Bunton,* 94 S.W.3d 561, 583 (Tex. 2003)).

### B. The Statements at Issue are not Substantially Untrue.

Kostić also accuses Jang of defaming him by the statement that "Kostić had been sued for sexual harassment." Doc. 40 ¶ 291(a). For any alleged oral statements by Jang to that effect, Kostić has only hearsay, which cannot support an issue for the jury. No witness claims to have heard Jang make that statement. *See Maxwell v. Willis*, 316 S.W.3d 680, 686 (Tex. App. – Eastland

2010, no pet.) (defamatory statement cannot be shown by plaintiff's testimony as to what recipient told him). The April 11, 2007 memo contains the written statement that Kostić's "hiring was only possible because he did not disclose his past sexual harassment and lawsuit to the entire search committee, including Profs. Ben Jang" and the rest of the faculty. Exh. D-39 at 1515. But Kostić's live pleadings do not identify this passage as among the defamatory statements in that memo. Doc. 40 ¶ 291(d).

Even if it had been properly presented as part of Kostić's defamation claim, Jang's alleged characterization of the Iowa sexual harassment suit as against Kostić is not false within the meaning of defamation law. "We determine whether a statement is substantially true by considering whether the allegedly defamatory statement was more damaging to the plaintiff's reputation in the mind of the average listener than a truthful statement would have been." *Porter v. Sw. Christian Coll.*, 428 S.W.3d 377 (Tex. App.—Dallas 2014, no pet.) (citing *McIlvain v. Jacobs,* 794 S.W.2d 14, 16 (Tex.1990)); *accord Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1164 (5th Cir. 2006) (applying Texas law); *Austin v. Inet Techs., Inc.*, 118 S.W.3d 491, 496 (Tex. App. – Dallas 2003, no pet.). "[S]pecific statements that err in the details but that correctly convey the gist of a story [are] substantially true." *Neely*, 418 S.W.3d at 64.

Indisputably, two female graduate students sued Iowa State University, alleging *inter alia* that "Dr. Kostic has been harassing female students at ISU since at least 1998," and that "he engaged in an unrelenting campaign of harassment, stalking, and intimidation" against one of the plaintiffs. Exh. D-1 ¶¶ 10, 14-22. Thus, although the suit did not name Kostić as a defendant, it sought to impose liability on his university employer based on allegations that Kostić sexually harassed the plaintiffs.

It is also undisputed that an Iowa newspaper article, which was widely distributed at TAMUC, reported:

> One lawsuit claims Kostic sexually harassed Prisic repeatedly during a two-year period. Kostic also impregnated Prisic and "[engaged] in an unrelenting campaign of harassment, stalking, and intimidation, designed to try to force her to get an abortion." The other lawsuit claims Dutca was sexually harassed by Kostic in March 2004.

Exh. D-3 at 1380 (brackets original to the article). Kostić admits that charges were brought against him at ISU for sexual harassment and inappropriate conduct and that he agreed to resign (after 21 years with the university) rather than answer the charges in a hearing before a faculty committee. He also admits that he did not inform Jang and the other Chemistry department faculty of the foregoing facts, nor of his assertions that the suit lacked merit and (based solely on hearsay) was settled for a low payment to Ms. Prisic.

The foregoing true facts would not have been less damaging to Kostić than the statements that he "had been sued for sexual harassment" and/or that his "hiring was only possible because he did not disclose his past sexual harassment and lawsuit to the entire search committee."

As discussed in part **IV** below, the other statements from the April 2007 document, even if they could be shown not to be true, were not made by Jang with knowledge of their inaccuracy.

### III.    As A Matter Of Law, Even Construing The Evidence In The Plaintiff's Favor, The April 2010 Student Petitions Were Not Defamatory.

Even construing the evidence in Kostić's favor, no reasonable juror could conclude that Jang had any part in writing or distributing or soliciting signatures for the April 2020 student petitions at issue.

Kostić's defamation claim for the April 2010 student petitions is based solely on the statement that "Dr. Nenad Kostić … this type of faculty is a detriment to the Chemistry department and to the school." ECF doc. 40 ¶ 293 (ellipse original to the pleading). The plaintiff expressly

6

excludes from his defamation claim the petition statement relied on by the faculty termination appeals committee in its termination recommendation, that Kostić had "fostered an atmosphere of hostility, discrimination in the form of favoritism, unfair grading practices, and sexual harassment." *Id*. (second sentence); Exh. D-104 at 4990.

The declaration that "this type of faculty is a detriment to the Chemistry department and to the school," even if it could be attributed to Jang, is manifestly a statement of opinion rather than of verifiable fact. As discussed in **II-A** above, "Only statements alleging facts, rather than opinions, can properly be the subject of a defamation action," so that "to be actionable, a statement must assert an objectively verifiable fact rather than an opinion."[1] *Young*, 434 S.W.3d at 343.

## IV.  As A Matter Of Law, Even Construing The Evidence In The Plaintiff's Favor, Jang Did Not Act With Actual Malice.

Because Kostić was a limited-purpose public figure, he must show that Jang made the statements at issue with actual malice, that is, with knowledge that they were false or with reckless disregard for whether they were false or not. *See* authorities cited in Defendants' Proposed Jury Instructions at n. 15. To establish reckless disregard, Kostić must prove by clear and convincing evidence that Jang in fact entertained serious doubts as to the truth of his statements. *Id*. nn. 21-23.

Even for Jang's statements (if any) that can be characterized as "defamation *per se*," Kostić must still prove that they were made with actual malice. *Hancock v. Variyam*, 400 S.W.3d 59, 62 (Tex. 2013); *see also Young*, 434 S.W.3d at 343; *LaRavia v. Cerise*, 2012 WL 573380, 462 Fed. Appx. 459, 462-63 (5th Cir. 2012) (not pub. in F.3d).

---

[1] Also as discussed at the beginning of part **II**, Kostić's focus on one part of a sentence, embedded in a page-long discussion, is insufficient to show defamation.

7

Except for the discussion in the April 2007 memo of his own promotion and of statements by Kostić to faculty in his presence, Jang indisputably relied on information conveyed to him by others whose veracity he had no reason to doubt. For example, the paragraph that includes the target statement that Kostić's "attitude toward students and his treatment of them are highly biased" begins: "Undergraduate students in the Chem 112 class . . . have consistently said that Dr. Kostić panders to good students but ignores or belittles poor students." Exh. D-39 at 1517.

A "defendant's reliance on a responsible source negates a finding of 'the recklessness that is required for a finding of actual malice.'" *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 124 (2nd Cir. 2013) (citing *New York Times Co. v. Sullivan,* 376 U.S. 254, 287–88 (1964)). Malice may not be inferred from Jang's failure to investigate the truth of the reports on which he relied. *Id*. ("mere proof of failure to investigate, without more, cannot establish reckless disregard for the truth"); *accord Kinnard v. United Reg'l Health Care Sys.*, 194 S.W.3d 54, 58 (Tex. App. – Fort Worth 2006, pet. denied) ("Mere evidence that [defendant] did not conduct an adequate investigation and had ulterior motives is not sufficient to establish [malicious] intent."); *Austin*, 118 S.W.3d at 497-98 ("Failure to investigate the truth or falsity of a statement before it is published is insufficient to show actual malice.").

**V.     As A Matter Of Law, Even Construing The Evidence In The Plaintiff's Favor, The Plaintiff Has Failed To Create An Issue of Defamation *Per Se*.**

Because Kostić has failed to show defamation at all, the Court need not reach the question of whether he has shown defamation *per se*. But if it does, the plaintiff's claim fails here as well.

### A.     Jang's Statements Do Not Constitute Defamation *Per Se*.

"Whether a statement is capable of a defamatory meaning is initially a question of law for the court." *Young*, 434 S.W.3d at 343. "Likewise, the determination of whether a statement is defamatory *per se* is first an inquiry for the court." *Hancock*, 400 S.W.3d at 62.[2]

To have been defamatory *per se*, each of Jang's statements must either have unambiguously and falsely imputed criminal conduct to Kostić or have injured him in his "office, profession, or occupation" – *i.e*., as a professor of chemistry. *Fiber Sys. Int'l*, 470 F.3d at 1161; *Hancock*, 400 S.W.3d at 65 (citing *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.,* 219 S.W.3d 563, 581 (Tex. App.–Austin 2007, pet. denied)). "Disparagement of a general character, equally discreditable to all persons," does not constitute injury to a plaintiff's office, profession, or occupation. *Hancock*, 400 S.W.3d at 65. "Rather, the proper inquiry is whether a defamatory statement accuses a professional of lacking a peculiar or unique skill that is necessary for the proper conduct of the profession." *Id*. at 67.

Thus, to be injurious to the plaintiff's office, profession, or occupation, the defamatory remark must "ascribe the lack of a necessary skill that is peculiar or unique to the profession" at issue. *Id*. at 62. For example, because false allegations that the plaintiff "was fired for sexual harassment" and that he "was 'insane, delusional and irrational'" were not "statements that affect a person injuriously in his office, profession, or occupation," they therefore did not "fall within the category of per se slander." *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 913-14 (5th Cir. 2000) (citing *Simmons v. Ware*, 920 S.W.2d 438, 451 (Tex. App.—Amarillo 1996, no writ)). Comparably, "statements that [plaintiff] lacks veracity and deals in half truths did not

---

[2] *See also New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 154 (Tex. 2004); *Campbell v. Am. Psychological Ass'n*, 68 F. Supp. 2d 768, 781 (W.D. Tex. 1999)

9

uniquely injure [him] in his profession as a physician and thus were not defamatory *per se.*" *Hancock*, 400 S.W.3d at 65.

Under the foregoing criteria, none of the putative defamatory statements by or attributed to Jang is defamatory *per se*.

### B.    The Plaintiff is not Entitled to Damages for Defamation *per se*.

Even if Kostić could create a fact issue as to defamation *per se*, he is not entitled to the submission of a damages issue on defamation. To merit more than merely nominal damages for defamation *per se*,[3] the plaintiff must prove actual and compensatory damages. *Id*.

It is indisputable that the appearance of the August 2005 Iowa article, alleging sexual harassment by Kostić, in even the most superficial internet search of his name, remains the principle obstacle to his obtaining employment in his profession, rather than any of Jang's statements about him, none of which emerge in any such search. *Id*. at 70-71 (in a defamation case "a jury may not reasonably infer an ultimate fact from 'meager circumstantial evidence which could give rise to any number of inferences, none more probable than another'").

Even construed in Kostić's favor, the evidence does not show the substantial disruption in daily routine or high degree of mental pain and distress necessary to support an award for mental anguish. *Id*. at 68-70 (discussing *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 443 (Tex. 1995), and *Service Corp. Int'l v. Guerra,* 348 S.W.3d 221, 231 (Tex. 2011)).

To the extent that Kostić has shown compensable mental anguish (which the defendant does not concede) or economic damages attributable to any defendant (which the defendants likewise dispute), those injuries would be more likely linked to his termination, which is attacked under his Title VII claim but expressly excluded from his defamation claim.

---

[3] "There is some question as to whether even nominal damages may be presumed" for defamation *per se* "when there is no proof of some actual injury" attributable to the defamation. *Hancock*, 400 S.W.3d at 65.

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        DANIEL T. HODGE
        First Assistant Attorney General

        DAVID C. MATTAX
        Deputy Attorney General for Defense Litigation

        JAMES "BEAU" ECCLES
        Division Chief-General Litigation


        /s/ *James C. Todd*
        JAMES C. TODD
        Texas Bar No. 20094700
        jim.todd@texasattorneygeneral.gov
        Enrique Varela
        Texas Bar No. 24043971
        Enrique.Varela@texasattorneygeneral.gov
        Assistant Attorneys General
        Office of the Attorney General
        General Litigation Division-019
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120,  (512) 320-0667 FAX
        ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been filed electronically with the Court's ECF system on this the 17th day of December, 2014, and which will provide a copy to:


Brian P. Sanford
SANFORDBETHUNE
1910 Pacific Avenue, Ste. 15400
Dallas, TX  75201
*Attorneys for Plaintiff*

        /s/ *James C. Todd*
        JAMES C. TODD