ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
DEC 17 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| NENAD M. KOSTIĆ, | § |
| Plaintiff, | § § § |
| v. | § § No. 3:10-cv-2265-M |
| TEXAS A&M UNIVERSITY SYSTEM COMMERCE, et al., | § § § § |
| Defendants. | § |

## COURT'S CHARGE TO THE JURY

Members of the Jury:

### INTRODUCTION

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It was my duty to preside over the trial and to decide what evidence was proper for your consideration. It is also my duty, now at the end of the trial, to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case; for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally, I will explain to you the procedures you should follow in your deliberations.

### GENERAL INSTRUCTIONS

It is my duty and my responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

Throughout the charge I will refer to Nenad Kostić as "Dr. Kostić" or "Plaintiff." I will refer to Texas A&M University-Commerce as "TAMUC," or "Defendant."

The testimony of the witnesses and exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiff or the Defendant in arriving at your verdict. A university and individuals are equal before the law and must be treated as equals in a court of justice.

Dr. Kostić has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find Dr. Kostić has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. In other words, you may make deductions and reach conclusions that common sense lead you to draw from the facts which have been established by the evidence.

During the trial, if I sustained objections to certain questions and exhibits, you must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit not admitted. Also, certain testimony or other evidence may have been ordered stricken from the record, and if so, you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken or which I instructed you to disregard in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witness. In weighing the testimony of the witness, you may consider the witness's manner and demeanor on the witness stand, and any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. You may ask yourself a few questions. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

I remind you that it is your job to decide whether the Plaintiff has proven his case by a preponderance of the evidence. In doing so, you must consider all of the evidence. This does not

mean, however, that you must accept all of the evidence as true or accurate.

After I finish reading these instructions, the lawyers will make closing arguments. Remember, closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown.

## SPECIFIC INSTRUCTIONS

Based on the rulings of the Court, one legal claim—retaliation—is being submitted to you, and that is a claim only against TAMUC.

**Retaliation Under Title VII**

Title VII is a federal statute that prohibits discrimination on the basis of race, color, religion, sex, or national origin.

Title VII prohibits an employer from retaliating against an employee who (1) opposes activity that Title VII makes unlawful, or (2) participates in activities with or after the filing of a charge under Title VII for discrimination, including testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. These activities are called "protected activity"—or "activity protected by Title VII."

To prove TAMUC retaliated against Dr. Kostić, Dr. Kostić must prove the following by a preponderance of the evidence:

1. Dr. Kostić engaged in protected activity in connection with the complaint by Chunkai Shi against Dr. Jang for religious discrimination and retaliation; and
2. TAMUC took adverse employment action(s) against Dr. Kostić; and
3. TAMUC terminated Dr. Kostić on account of his engaging in protected activity.

TAMUC denies Dr. Kostić's claim of retaliation and contends that it acted properly in

5

dismissing Dr. Kostić because it genuinely believed that valid grounds for his termination existed, on the basis of complaints, investigations, and faculty hearings.

As used in this Charge, an "adverse employment action" is an action that would have made a reasonable employee reluctant to make or support a charge of discrimination. If a reasonable employee would be less likely to complain about or oppose alleged discrimination because he knew that he would be subjected to an adverse employment action, then that action is an adverse employment action. Trivial harms are not adverse employment actions. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

To find retaliation, you need not find that the only reason for TAMUC's decision was that Dr. Kostić engaged in protected activity. But you must find that TAMUC's decision to take adverse employment actions against Dr. Kostić would not have occurred in the absence of—but for—his protected activity. If you disbelieve the reasons TAMUC has given for its decision, you may, but you do not have to, infer that TAMUC would not have taken an adverse employment action against Dr. Kostić but for his engaging in the protected activity.

Under the law, employers have the right to make employment decisions for a good reason, a bad reason, or no reason at all, as long as the decision is not motivated by unlawful retaliation.

**Damages**

A person who proves retaliation may recover damages proven by a preponderance of the evidence. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Dr. Kostić should or should not prevail on any issue in the case.

Any award of damages must be based on evidence, not on speculation or guesswork. On the other hand, a plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

Back pay includes the amount the evidence shows a plaintiff proving retaliation would have earned had he not been terminated. These includes wages.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Dr. Kostić for any harm you find he has sustained. Do not include as actual damages interest on wages.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

## JURY QUESTIONS

### QUESTION NO. 1

Do you find, by a preponderance of the evidence, that TAMUC retaliated against Dr. Kostić for engaging in protected activity?

Answer "Yes" or "No."

  Yes

If you answered "Yes" to Question 1, answer Question 2. If you answered "No" to Question 1, you need not answer any further questions.

### QUESTION NO. 2

What sum of money, if paid now in cash, would fairly and reasonably compensate Dr. Kostić for damages, if any, that you find he suffered as a result of his termination from TAMUC?

Answer in dollars and cents, or zero, for only the following items:

a. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$  0

b. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$  0

c. Back pay from December 9, 2010 to the date of your verdict.

$  300,000.00

8

d.  Wages from the date of your verdict that may, in reasonable probability, be lost by Dr. Kostić in the future because of his termination by TAMUC.

$  0

## POST ARGUMENT INSTRUCTIONS

To reach a verdict, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience. The foreperson will write the unanimous answer of the jury in the space provided for each question. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer. I will either reply in writing or bring you back into the court to answer your message.

I want to advise you that although our court reporter has taken down all of the testimony, it is not done in such a way that we can read back or furnish testimony to you at your request. Only when you have a specific disagreement as to a particular witness's testimony on a specific subject can we attempt to obtain that information for you.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any question, until after you have reached a unanimous verdict, unless I instruct you otherwise.

December 17, 2014

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 18 2014

CLERK, U.S. DISTRICT COURT
By _____
                      Deputy

### Verdict of the Jury

We, the jury, have answered the above and foregoing questions as indicated, and herewith return the same into Court as our verdict.

Dated: December 18, 2014        **REDACTED**

                                  FOREPERSON