# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| NENAD M. KOSTIC, | § | |
|     Plaintiff, | § | |
| | § | No. 3:10-cv-2265-M |
| v. | § | |
| | § | |
| TEXAS A&M UNIVERSITY AT | § | |
| COMMERCE, | § | |
|     Defendant. | § | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT
## OF OPPOSED MOTION FOR REASONABLE FEES AND COSTS

Brian P. Sanford
Texas Bar No. 17630700
David B. Norris
Texas Bar No. 24060934
**The Sanford Firm**
1910 Pacific Ave., Suite 15400
Dallas, Texas 75201
Telephone: (214) 717-6653
Facsimile: (214) 919-0113

Robert E. McKnight, Jr.
Texas Bar No. 24051839
**Law Office of Robert E. McKnight, Jr.**
203 N. Liberty Street
Victoria, Texas 77901
Telephone: (361) 573-5500
Facsimile: (361) 573-5040

**ATTORNEYS FOR PLAINTIFF
NENAD KOSTIĆ**

# **Table of Contents**

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

A.      The Attorney's Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      1.      The Hours Reasonably Expended.. . . . . . . . . . . . . . . . . . . . . . . . . . 3

            a.      Billing Judgment Reductions.. . . . . . . . . . . . . . . . . . . . . 4

            b.      Time on Unsuccessful Claims. . . . . . . . . . . . . . . . . . . . 5

            c.      Reasonable Hours: Conclusion. . . . . . . . . . . . . . . . . . . 8

      2.      The Reasonable Hourly Rate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      3.      The Lodestar Fee, After Billing Judgment and Before Adjustment
           Pursuant to the *Johnson* Factors.. . . . . . . . . . . . . . . . . . . . . . . . . 15

      4.      The *Johnson* Factors.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

B.      Dr. Kostić's Costs.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

C.      Post-Judgment Interest on the Award of Fees and Costs.. . . . . . . . . . . . . 17

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

i

## **Table of Authorities**

<u>Cases</u>

*Associated Builders & Contractors, Inc. v. Orleans Parish School Board*, 919 F.2d 374 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Black v. SettlePou, P.C.*, 732 F.3d 492 (5th Cir. 2013) . . . . . . . . . . . . . . . . . . . 2, 3

*Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541 (1984). . . . . . . . . . . . . . . . . . . 8, 9

*Cruz v. Hauck*, 762 F.2d 1230 (5th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 573, 121 L. Ed.2d 494 (1992). . . 1

*Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010). . . . . . . . . . 3

*Hensley v. Eckerhart*, 461 U.S. 423, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). . 5-7

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). . 2, 3, 8, 11, 15

*Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565 (5th Cir. 1989). . . 8

*La. Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir.), *cert. denied sub nom. L.K. Comstock & Co., Inc. v. La. Power & Light Co.*, 516 U.S. 862, 116 S. Ct. 173, 133 L. Ed. 2d 113 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 17

*League of United Latin American Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*Missouri v. Jenkins*, 491 U.S. 274 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Mota v. Univ. of Texas Houston Health Science*, 261 F.3d 512 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Perdue v. Kenney A.*, 559 U.S. 542, 130 S. Ct. 1662 (2010). . . . . . . . . . . . . . . 2, 3

*Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377 (5th Cir. 2013). . . . . . . . . . . . . . . 2

*Sanchez v. City of Austin*, 774 F.3d 873 (5th Cir. 2014). . . . . . . . . . . . . . . . . . . . . 1

*Tollet v.City of Kemah*, 285 F.3d 357 (5th Cir. 2002), *cert. denied*, 537 U.S. 883, 123 S. Ct. 105, 154 L. Ed. 2d 141 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Statutes

28 U.S.C. § 1920. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 2000e-5(k). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rules

FED. R. CIV. P. 54(d)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Pursuant to 42 U.S.C. § 2000e-5(k),[1] FED. R. CIV. P. 54(d)(2)(A),[2] and the

judgment in favor of Nenad M. Kostić (Doc. 260[3]), Kostić hereby moves for an

award of reasonable attorney's fees and costs (including the costs that are

recoverable under 28 U.S.C. § 1920 on a bill of costs) incurred in the successful

pursuit of this action.

## A.    The Attorney's Fees

As the prevailing party in this litigation,[4] Dr. Kostić is all-but-entitled to an

award of fees and other costs that would be reasonably charged to a fee-paying

client.[5] The Supreme Court has established a "'strong presumption'" that the

---

[1] In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the [EEOC] or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the [EEOC] and the United States shall be liable for costs the same as a private person.

[2] "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."

[3] The Court subsequently extended the usual 14-day deadline for filing this motion and the bill of costs until September 17, 2015. (Doc. 263.)

[4] *Farrar v. Hobby*, 506 U.S. 103, 111-13, 113 S. Ct. 566, 573, 121 L. Ed.2d 494 (1992) (any relief on the merits that "materially alters the legal relationship between the parties," such as a judgment requiring payment of compensatory damages, points to "prevailing party" status).

[5] *Sanchez v. City of Austin*, 774 F.3d 873, 880 (5th Cir. 2014) "([t]he special-circumstances exception is a narrow carve-out of the general rule that prevailing civil-rights plaintiffs should be awarded fees").

1

lodestar figure—the product of multiplying hours reasonably expended by a reasonable hourly rate— represents "the reasonable fee" that Kostić should receive. *Perdue v. Kenney A.*, 559 U.S. 542, 553-54, 130 S. Ct. 1662, 1673 (2010). Post-*Perdue*, the Fifth Circuit complements the lodestar approach with the *Johnson* factors.[6] *Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 388 n.17 (5th Cir. 2013) ("[t]here is a strong presumption that the lodestar amount is a reasonable fee, although a court may decrease or enhance it based on the factors established in *Johnson*"); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on 'the relative weights of the twelve factors set forth in *Johnson*'").[7] But no adjustment may be made on the basis of a *Johnson*

---

[6] (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) ... ; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). The sixth factor was "whether the fee is fixed or contingent," but it was eventually overruled. *Rutherford v. Harris County*, 197 F.3d 173, 193 (5th Cir. 1999) ("the Supreme Court has barred any use of this factor").

[7] Dr. Kostić does not seek an enhancement.

factor that has already been considered in setting either of the lodestar components

(the reasonable hours or the reasonable rates).

> We have thus held that the novelty and complexity of a case
> [corresponding to *Johnson* factor (2) (*see supra* note 5)] generally
> may not be used as a ground for an enhancement because these
> factors "presumably [are] fully reflected in the number of billable
> hours recorded by counsel." We have also held that the quality of an
> attorney's performance [corresponding to *Johnson* factor (3)]
> generally should not be used to adjust the lodestar "[b]ecause
> considerations concerning the quality of a prevailing party's
> counsel's representation normally are reflected in the reasonable
> hourly rate."

*Perdue*, 559 U.S. at 553, 130 S. Ct. at 1673. *See also Black*, 732 F.3d at 502

("[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken

into account during the initial calculation of the lodestar").

Consistently with that approach, this memorandum discusses first the

*Perdue* lodestar fee, then *Johnson*-based adjustments to the lodestar.

### 1.   <u>The Hours Reasonably Expended</u>

As required by Fifth Circuit precedent,[8] Kostić's lead counsel, Brian P.

Sanford, has submitted a declaration (Exh. 1) attesting to the accuracy of his firm's

timekeepers' contemporaneous billing records (which comprise Exh. 2). (B.

---

[8] *See, e.g.*, *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th
Cir. 2010) ("'[C]ourts customarily require the applicant to produce
contemporaneous billing records or other sufficient documentation so that the
district court can fulfill its duty to examine the application for noncompensable
hours ...'").

Sanford Dec. (Exh. 1) at P. Appx. 005.) Other, non-firm attorneys whom Mr. Sanford affiliated for specific aspects of the case (Amy E. Gibson, Barry S. Hersh, Robert E. McKnight, Jr.) have sworn to or declared the accuracy of their itemized descriptions of their time spent working on this case. (A. Gibson Dec. (Exh. 5) at P. Appx. 222; B. Hersh Dec. (Exh. 6) at P. Appx. 240-41; R. McKnight Dec. (Exh. 7) at P. Appx. 246.)

All time claimed in a billing record must be reasonable in order for it to be compensable. *League of United Latin American Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997).[9] Mr. Sanford, as lead counsel, has testified that he has reviewed all of the time entries (those generated by the lawyers of his firm, and those of the non-firm lawyers), and that it was reasonably necessary for representing Dr. Kostić in this action. (B. Sanford Dec. (Exh. 1) at P. Appx. 005, 008 & 010.)

### a.   Billing Judgment Reductions

Dr. Kostić's lawyers also have the burden of showing that they have exercised billing judgment to exclude any hours that, even though contemporaneously recorded, they would not charge to Dr. Kostić if *he* were paying their bill:

---

[9] Hours reasonably expended include time spent preparing this motion for fees and costs. *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985).

> Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley v. Eckerhart*, 461 U.S. 423, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983) (citation omitted). Dr. Kostić's lawyers' billing-judgment reductions (before application of the *Johnson* factors) are explicit in Exhibit 2. Generally, they include:

- a reduction of 50 percent of the time that Mr. Sanford and Mr. Norris spent in one-on-one conferencing with Dr. Kostić (Exh. 2 at P. Appx. 097);

- a reduction of 50 percent of all travel time, regardless of whether any productive work on this case was performed during that time (travel time entries are scattered throughout the word-searchable Exh. 2).

### b.   <u>Time on Unsuccessful Claims</u>

When some claims in a lawsuit succeed and others fail, the relationship between the claims means that it may be impossible to segregate the time spent on any given task into one compensable time increment that served the successful claim and another non-compensable time increment that served the unsuccessful

5

claim:

> In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee....
>
> ....
>
> ... Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley*, 461 U.S. at 435 & 440, 103 S. Ct. at 1940 & 1943.

Here, Dr. Kostić's unsuccessful claims were not "distinct in all respects" from the successful claim for retaliation. Common to all of his claims are the facts that he opposed unlawful conduct, participated in the investigation of that unlawful conduct, and suffered retaliation because of his opposition and participation. Thus, the factual context of Dr. Kostić's Title VII claim also

pervades each of the other claims. All of Dr. Kostić's acts protected by Title VII were protected also by the First Amendment. Almost all of the statements protected by Title VII were also protected by the First Amendment. *Hensley*, as quoted above, holds that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." That is precisely Dr. Kostić's situation.

Even time spent on the Due Process claim contributed to the successful Title VII claim, because Dr. Kostić at trial extensively used the procedural abuses and violations of the law and of university policies and procedures as evidence of pretext.

The most distinct claim was the one for defamation, but it rested on undisputed evidence—a single memorandum, dated and signed by the defendant on that claim—so Dr. Kostić's counsel spent very little time in discovery, and even less time in trial.

Although time spent on the unsuccessful claims has not been excluded from the lodestar, such time is also addressed below in connection with adjustment pursuant to the *Johnson* factors.

### c.   Reasonable Hours: Conclusion

Time that Dr. Kostić's lawyers have not excluded pursuant to the exercise of

billing judgment is adequately described on their attached invoices as required by

*League of United Latin American Citizens No. 4552*, 119 F.3d at 1233. These

hours are reasonable and this Court commits no clear error in accepting all of them

as such. *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1582 (5th

Cir. 1989) ("[w]e decline to conclude that accepting as reasonable all of the time

any attorney has submitted automatically renders the court's finding clearly

erroneous"), *cert. denied*, 493 U.S. 1019, 110 S. Ct. 718, 107 L. Ed. 2d 738

(1990).

### 2.   The Reasonable Hourly Rate

Once the compensable time is determined, the court's second step is to

determine a reasonable hourly rate "according to the prevailing market rates in the

relevant community," *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547

(1984), i.e., in Dallas, where the case was tried. Evidence of prevailing market

rates (which is responsive to *Johnson* factor number 5; *see supra* note 6) may

consist of the fee-applicant attorney's actual billing rate when working for fee-

paying clients in the market,[10] and/or affidavits from attorneys who, through their

---

[10] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir.), *cert. denied sub nom. L.K. Comstock & Co., Inc. v. La. Power & Light Co.*, 516 U.S.

practice in the market, have first-hand knowledge of the usual rates for attorneys

with comparable skill, experience, and reputation:

> In seeking some basis for a standard, courts properly have required
> prevailing attorneys to justify the reasonableness of the requested rate
> or rates. To inform and assist the court in the exercise of its
> discretion, the burden is on the fee applicant to produce satisfactory
> evidence—in addition to the attorney's own affidavits—that the
> requested rates are in line with those prevailing in the community for
> similar services by lawyers of reasonably comparable skill,
> experience and reputation. A rate determined in this way is normally
> deemed to be reasonable, and is referred to—for convenience—as the
> prevailing market rate.

*Blum v. Stenson*, 465 U.S. at 895 n.11, 104 S. Ct. at 1547 n. 11. *See also Tollet v.*

*City of Kemah*, 285 F.3d 357, 368-69 (5th Cir. 2002), *cert. denied*, 537 U.S. 883,

123 S. Ct. 105, 154 L. Ed. 2d 141 (2002).

In this case, all but one of the attorneys who have represented Dr. Kostić

practice law primarily in Dallas, and have done so for years. Those with regular

billing rates for fee-paying clients in this market have so stated in their

declarations. (B. Sanford Dec. (Exh. 1) at P. Appx. 007; B. Hersh Dec. (Exh. 6) at

P. Appx. 240; A. Tremain Dec. (Exh. 4) at P. Appx. 218.)

But consistently with *Blum*, Dr. Kostić's attorneys' rates are also supported

by affidavits from other attorneys who, through their practice in the Dallas market,

have first-hand knowledge of the usual rates for attorneys with comparable skill,

---

862, 116 S. Ct. 173, 133 L. Ed. 2d 113 (1995).

experience, and reputation. These declarants (*see* Exhs. 8, 9 & 10: Declarations of David L. Wiley, Hal K. Gillespie, and Rod Tanner) collectively validate the rates requested by all of Dr. Kostić's counsel who claim compensation for working on this matter, as set forth below:[11]

| Lawyer | Year Licensed | Requested Rate | Evidence from Other than the Applicant Lawyers (Exhibits 8, 9 & 10) |
|--------|---------------|----------------|--------------------------------------------------------------------|
| Brian P. Sanford | 1986 | $650 | Exh. 8, P. Appx. 262<br>Exh. 9, P. Appx. 270<br>Exh. 10, P. Appx. 280-81 |
| David B. Norris | 2011 | $250 | Exh. 8, P. Appx. 264<br>Exh. 9, P. Appx. 273 |

---

[11] Current rates are requested even though the first time recorded in this case was in 2010. That is consistent with *Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989):

> [C]ompensation received several years after the services were rendered ... is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed .... We agree, therefor, that an appropriate adjustment for delay in payment—whether by the application of current rates rather than historic hourly rates or otherwise—is within the contemplation of the statute [§ 1988].

The only exception is Ms. Tremain, who accrued her time 2010-11, when she was a relatively new associate, having been licensed in 2008. She has testified that her current rate is $350/hour (A. Tremain Dec. (Exh. 4) at P. Appx. 218), but Mr. Sanford has elected to request compensation for her work at the rate of $225/hour, on the ground that such rate better reflects her skill, experience, and reputation *when the work was performed*. (B. Sanford Dec. (Exh. 1) at P. Appx. 007-008.)

| Ashley E. Tremain | 2008 | $225 | Exh. 8, P. Appx. 264-65<br>Exh. 9, P. Appx. 272-73 |
|---|---|---|---|
| Amy E. Gibson | 1995 | $450 | Exh. 8, P. Appx. 263<br>Exh. 9, P. Appx. 271-72<br>Exh. 10, P. Appx. 282-83 |
| Barry S. Hersh | 1998 | $450 | Exh. 8, P. Appx. 263-64<br>Exh. 9, P. Appx. 272 |
| Robert E. McKnight, Jr. | 1993 | $495 | Exh. 8, P. Appx. 262-63<br>Exh. 9, P. Appx. 270-71<br>Exh. 10, P. Appx. 281-82 |

It is also typical—and consistent with *Johnson* factor number 12 (*see supra* note 6)—for a court to assess the reasonableness of a requested rate by considering rates that have been awarded to comparable counsel in comparable cases. The declaration of David L. Wiley provides the following tabulation of recent rate awards to prevailing plaintiffs' counsel in employment cases in the Northern District of Texas:

| RATE PER HOUR | JD YEAR | ATTORNEY NAME | DATE AWARDED | CASE |
|---|---|---|---|---|
| **NORTH TEXAS** | | | | |
| $750 | 1985 | Charla Aldous | 07/27/10 | *Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 [Doc. 160] (N.D. Tex.), *reversed on other grounds.* |

11

| $700 | 1979 | Russell W. Budd | 05/08/15 | *Olibas v. Native Oilfield Servs., LLC*, No. 3:11-cv-2388-B [Doc. 302] (N.D. Tex.) |
|---|---|---|---|---|
| $685 | 1972 | Hal Gillespie | 03/02/12 | *Rush Truck Centers of Texas, L.P. v. Fitzgerald*, No. DC-09-15958-D (95th District Court for Dallas County, Texas) |
| | | | 12/27/13 | *Miller v. Raytheon Co.*, No. 3:09-cv-440-O [Doc. 226] (N.D. Tex.) |
| $600 | 1995 | Matthew R. Scott | 01/16/14 | *Green v. Dallas County Schools*, No. DC-12-09857 (162nd District Court for Dallas County, Texas) |
| $550 | 1982 | John E. Wall | 07/16/13 | *B&S Welding, LLC, Work Related Injury Plan v. Oliva-Barron*, No. DC-09-12619-D (95th District Court for Dallas County, Texas) |
| $550 | 1978 | Yona Rozen | 12/27/13 | *Miller v. Raytheon Co.*, No. 3:09-cv-440-O [Doc. 226] (N.D. Tex.) |
| $500 | 2001 | Brian P. Lauten | 07/27/10 | *Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 [Doc. 160] (N.D. Tex.), *reversed on other grounds*. |
| $495 | 1995 | J. Derek Braziel | 02/28/13 | *Owens v. Marstek, LLC*, No. 3:11-cv-01435-B [Doc. 26] (N.D. Tex.) (adopting fees requested in Doc. 24) |

| $475 | 1999 | Charles Branham | 04/09/14 | *Parker v. ABC Debt Relief, Ltd.*, No. 3:10-CV-01332-P-BN [Doc. 241] (N.D. Tex.) |
|---|---|---|---|---|
| $475 | 1994 | Jeffrey Goldfarb | 04/09/14 | *Parker v. ABC Debt Relief, Ltd.*, No. 3:10-CV-01332-P-BN [Doc. 241] (N.D. Tex.) |
| $450 | 2002 | Joe Gillespie | 08/24/12 | *Black v. Settlepou, P.C.*, No. 3:10-CV-1418-K [Doc. 133] (N.D. Tex.) |
| $450 | 1993 | Robert Lee | 04/27/15 | *Ramirez v. NTD Group, Inc.*, No. DC-14-03809 (14th Judicial District Court for Dallas County, Texas) |
| $400 | 2004 | Brent R. Walker | 07/27/10 | *Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 [Doc. 160] (N.D. Tex.), *reversed on other grounds.* |
| $400 | 1997 | Allen Vaught | 05/08/15 | *Olibas v. Native Oilfield Servs., LLC*, No. 3:11-cv-2388-B [Doc. 302] (N.D. Tex.) |
| $400 | 1993 | Douglas Welmaker | 02/11/15 | *Robinson v. Nexion Health at Terrell, Inc.*, No. 3:12-cv-03853-L-BK [Doc. 56] (N.D. Tex.) |
| $395 | 1996 | Christine Neill | 11/08/10 | *Wesley v. Yellow Transportation, Inc.*, No. 3:05-CV-2266 [Doc. 234] (N.D. Tex.) |
| $375 | 2005 | James D. Sanford | 12/27/13 | *Miller v. Raytheon Co.*, No. 3:09-cv-440-O [Doc. 226] (N.D. Tex.) |

| $360 | 2003 | M. Jeanette Fedele | 03/02/12 | *Rush Truck Centers of Texas, L.P. v. Fitzgerald*, No. DC-09-15958-D (95th District Court for Dallas County, Texas) |
| $350 | 2009 | Todd Goldberg | 04/09/14 | *Parker v. ABC Debt Relief, Ltd.*, No. 3:10-CV-01332-P-BN [Doc. 241] (N.D. Tex.) |
| $350 | 2009 | Corinna Chandler | 04/09/14 | *Parker v. ABC Debt Relief, Ltd.*, No. 3:10-CV-01332-P-BN [Doc. 241] (N.D. Tex.) |
| $350 | 2006 | Jamie J. McKey | 01/16/14 | *Green v. Dallas County Schools*, No. DC-12-09857 (162nd District Court for Dallas County, Texas) |
| $350 | 2006 | Carmen Artaza | 10/16/14 | *Jones v. Brentwood Healthcare, Ltd.*, No. DC-13-02573 (134th District Court for Dallas County, Texas) |
| $250 | 2012 | Megan Dixon | 04/27/15 | *Ramirez v. NTD Group, Inc.*, No. DC-14-03809 (14th Judicial District Court for Dallas County, Texas) |

(D. Wiley Dec. (Exh. 8) at P. Appx. 256-60.) These recent rate awards provide further evidence of the reasonableness of the hourly rates requested in this motion.

14

### 3.   The Lodestar Fee, After Billing Judgment and Before Adjustment Pursuant to the *Johnson* Factors

The lodestar fee, based on the reasonable hours documented in Exhibits 2 (P. Appx. 13-97), 5 (P. Appx. 221-38), 6 (P. Appx. 239-41), and 7 (P. Appx. 242-49), and on the hourly rates documented in the supporting declarations, in this case is:

| Lawyer | Hours | Rate | Lodestar Fee |
|---|---|---|---|
| Brian P. Sanford | 709.20 | $650 | $460,980.00 |
| David B. Norris | 442.25 | $250 | $110,562.25 |
| David B. Norris (Law Clerk) | 12.25 | $100 | $1,225.00 |
| Ashley E. Tremain | 21.60 | $225 | $4,860.00 |
| Amy E. Gibson | 1.60 | $450 | $720.00 |
| Barry S. Hersh | 5.80 | $450 | $2,610.00 |
| Robert E. McKnight, Jr. | 14.30 | $495 | $7,078.50 |
| **Total** | | | $588,035.75 |

### 4.   The *Johnson* Factors

Dr. Kostić contends that the lodestar fee already captures all of the *Johnson* factors relevant to setting a reasonable fee for this action. The only possible exception is *Johnson* factor number seven ("the results obtained"). However, a judgment of over $500,000 is a significant success. The damages for the claims overlapped identically with regard to lost wages and benefits, the only substantive damages

15

awarded. The success would likely not have been different had damages been awarded for the dismissed claims. Therefore, although no significant reduction is warranted, Dr. Kostić agrees to accept a reduction of 10 percent applied against the amount, $577,627.25, attributable to three lawyers of The Sanford Firm (and predecessor), resulting in a final fee award of $530,273.03 covering all counsel.

### B.   Dr. Kostić's Costs

"Costs" in an action of this nature is a slightly misleading term because it includes not just the costs that are available to a prevailing party in a bill of costs, but all other costs that an attorney would normally charge to a fee-paying client. *See, e.g.*, *Mota v. Univ. of Texas Houston Health Science*, 261 F.3d 512, 529 (5th Cir. 2001) (in a prevailing party fee award under Title VII, 42 U.S.C. § 2000e-5(k), holding that a reasonable attorney's fee includes costs items beyond those allowed under 28 U.S.C. § 1920, including all reasonable costs charged a fee-paying client); *Associated Builders & Contractors, Inc. v. Orleans Parish School Board*, 919 F.2d 374, 380 (5th Cir. 1990) (in a prevailing party fee award under 42 U.S.C. § 1988, affirming the trial court's award of out-of-pocket expenses, including charges for copies, travel and telephone, noting that such items are "plainly recoverable" because they are part of the costs normally charged to fee-paying clients).

The total costs incurred are listed in Exhibit 3 (P. Appx. 98-216), and Mr. Sanford attests that the requested costs are for items that his firm—and firms in this legal market—would normally charge to fee-paying clients, and were reasonably necessary for the pursuit of this litigation (B. Sanford Dec. (Exh. 1) at P. Appx. 010.) The Court should award all of them.

### C.     Post-Judgment Interest on the Award of Fees and Costs

A prevailing party is entitled to post-judgment interest on an award of fees and costs from the date of the judgment on the merits that establishes the right to the award of fees and costs. *La. Power & Light*, 50 F.3d at 332. Hence, the Court's order on this motion should provide for interest from the date when the final judgment was entered (August 13, 2015).

### Conclusion

Dr. Kostić's lawyers have fully complied with their obligations in seeking fees and costs in this case. They maintained meticulous, detailed contemporaneous records of their time and expenses. They have exercised billing judgment and deleted from this request time that was unnecessary, duplicative or unreasonable for any reason. And they have sought for themselves (and for others in their firms) billing rates that are consistent with the standard of reasonableness documented in the numerous supporting declarations.

17

The Court should award fees, costs, and postjudgment interest as set forth below:

a.   A fee of $530,273.03, detailed as follows:

| Lawyer | Hours | Rate | Fee |
|--------|-------|------|-----|
| Brian P. Sanford | 638.28 | $650 | $414,882.00 |
| David B. Norris | 398.025 | $250 | $99,506.03 |
| David B. Norris (Law Clerk) | 11.025 | $100 | $1,102.50 |
| Ashley E. Tremain | 19.44 | $225 | $4,374.00 |
| Amy E. Gibson | 1.60 | $450 | $720.00 |
| Barry S. Hersh | 5.80 | $450 | $2,610.00 |
| Robert E. McKnight, Jr. | 14.30 | $495 | $7,078.50 |
| **Total** | | | $530,273.03 |

b.   Costs (including those in the bill of costs) in the total amount of $61,995.18.

c.   Postjudgment interest on $592,268.21 from August 13, 2015.

Respectfully submitted,

*/s/ Brian P. Sanford*
Brian P. Sanford
Texas Bar No. 17630700
David B. Norris
Texas Bar No. 24060934

**THE SANFORD FIRM**

18

1910 Pacific Ave., Suite 15400
Dallas, Texas 75201
Telephone: (214) 717-6653
Facsimile: (214) 919-0113
bsanford@sanfordfirm.com
dnorris@sanfordfirm.com

*/s/ Robert E. McKnight, Jr.*
Robert E. McKnight, Jr.
Texas Bar No. 24051839
Law Office of Robert E. McKnight, Jr.
203 N. Liberty Street
Victoria, Texas 77901
Telephone: (361) 573-5500
Facsimile: (361) 573-5040
mcknightr@lawmgk.com

**ATTORNEYS FOR PLAINTIFF
NENAD KOSTIĆ**

**CERTIFICATE OF SERVICE**

On September 17, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Brian P. Sanford*
Brian P. Sanford