IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NENAD M. KOSTIĆ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:10-cv-02265-M |
| TEXAS A&M UNIVERSITY AT COMMERCE, | § § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
SUPPLEMENTAL MOTION FOR REASONABLE FEES AND COSTS**

TO THE HONORABLE DAVID HORAN:

Plaintiff Nenad Kostić ("Dr. Kostić") replies to the response filed by Defendant Texas A&M University at Commerce ("TAMUC") (Doc. 279) to Dr. Kostić's supplemental motion, and incorporated memorandum, for reasonable attorneys' fees and costs (Doc. 277).

Dr. Kostić's claims were not overblown; it is TAMUC that extended the process. TAMUC admits it engaged more than sixty persons in the disciplinary process (Doc. 40 ¶ 278; Doc. 46 ¶ 278) lasting more than two years and leading to Dr. Kostić's wrongful termination.

The domino effect, mentioned by TAMUC, started with TAMUC's own sustained, severe retaliation for more than two years, and continued with TAMUC's own expansive defensive litigation. For example, Dr. Kostić's initial complaint, filed in 2010, contained only seven pages (Doc. 1). TAMUC filed a motion to dismiss (Doc. 7), a motion for partial judgment (Doc. 15), and an amended motion to dismiss (Doc. 28) asserting that Dr. Kostić had not met the pleading requirements under *Twombly* for a Title VII retaliation claim, in addition to his other claims. To satisfy TAMUC's motions, Dr. Kostić amended his complaint twice. Consequently, Dr. Kostić's complaint expanded from seven pages to forty-five pages (Doc. 23) and then to sixty-five pages (Doc. 40), with the Court ending the pleading battle by denying TAMUC's motions (Doc.'s 22, 44).

Another example is TAMUC's renewed motion for summary judgment (Doc. 108) arguing for a global reconsideration of the District Judge's denial of summary judgment when the District Judge invited a second motion for summary judgment only on issues of qualified and official immunity (Doc. 106). Also, TAMUC itself moved to continue the trial (Doc. 168).

In correcting a violation of federal law, Dr. Kostić vindicated Congress's statutory purposes, and is entitled to compensation for his counsel for time

reasonably spent achieving the favorable outcome. *See Fox v. Vice*, 563 U.S. 826, 131 S. Ct. 2205, 2214, 180 L.Ed. 2d 45 (2011) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Part of those reasonable fees include arguing and briefing for the justification of the fees.

WHEREFORE, Dr. Kostić's supplemental motion for fees and costs should be granted.

Respectfully submitted,

*/s/ Brian P. Sanford*
    Brian P. Sanford
    Texas Bar No. 17630700
    David B. Norris
    Texas Bar No. 24060934

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, Texas 75201
Telephone: (214) 717-6653
Facsimile: (214) 919-0113
bsanford@sanfordfirm.com
dnorris@sanfordfirm.com

                                                    */s/ Robert E. McKnight, Jr.*
                                                      Robert E. McKnight, Jr.
                                                      Texas Bar No. 24051839
                        Law Office of Robert E. McKnight, Jr.
                        203 N. Liberty Street
                        Victoria, Texas 77901
                        Telephone: (361) 573-5500
                        Facsimile: (361) 573-5040
                        mcknightr@lawmgk.com

                        **ATTORNEYS FOR PLAINTIFF**
                        **NENAD KOSTIĆ**

## CERTIFICATE OF SERVICE

On December 2, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                    */s/ Brian P. Sanford*
                                                    Brian P. Sanford